## CRANE v. VAN DERVEER.

(Supreme Court, Appellate Division, Third Department. November 21, 1899.)

FORCIBLE ENTRY AND DETAINER—PETITION—INTEREST OF PLAINTIFF.

The requirement of Code Civ. Proc. § 2235, that a petition in a proceeding for forcible entry and detainer must describe petitioner's interest in the premises, is waived where it appears that petitioner was in actual and peaceable possession at the time of the entry, and the objection was not raised by defendant until after the general appearance and answer and a postponement of the case.

Appeal from Montgomery county court.

Action by Elizabeth Crane against Harriet E. Van Derveer. From a judgment for defendant, plaintiff appeals. Reversed.

The reversal, as indicated by the opinion delivered, was upon the ground that the petition was fatally defective in not describing the interest of the petitioner in the premises.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Florence J. Sullivan, for appellant.
Edward P. White, for respondent.

MERWIN, J. By section 2235 of the Code of Civil Procedure the appellant, at the commencement of the proceeding, was required to present to the judge or justice a written petition, which, among other things, should describe the interest of the petitioner in the premises of which the possession was claimed. In the petition as presented it was alleged by the petitioner "that she owns and was in the peaceable possession, and of right, at all times herein set forth, was and is entitled to the uninterrupted use, occupation, and possession" of the premises. There was no other description of her interest. It may be that the statement that "she owns" the premises is not sufficiently definite to answer the requirement of the statute if the objection is taken in time. The precept was issued by the justice on May 2, 1899, returnable May 8, 1899. On the return day the defendant appeared by attorney, and filed a verified answer, and called for a jury trial. The panel was named, and thereupon, on the application of the defendant and the consent of the plaintiff, the case was adjourned to May 10, 1899. Upon the return day both parties appeared in person and by attorney, and the defendant then objected to all previous proceedings and to any further pro-

ceedings on the ground that the petition failed to describe the interest of the petitioner in the premises, as required by section 2235 of the Code, and that the proceedings were void, and the court had not acquired jurisdiction of the subject-matter. The query is whether the objection was not waived by the general appearance and answer and subsequent proceedings before the question was raised. The extent of the ownership of the plaintiff was not an issue at the trial, except so far as involved in the fact of actual peaceable possession. Code, § 2245; Lowman v. Sprague, 73 Hun, 408, 26 N. Y. Supp. 568. The plaintiff was bound to allege and prove that she was peaceably in actual possession of the property at the time of the forcible entry by the defendant. "A party in the peaceable and actual possession of lands at the time of a forcible entry is entitled to proceed under the statute relating to forcible entries and detainers, although he is neither seised of a freehold nor possessed of a term for years in the premises." People v. Carter, 29 Barb. 208. We are of the opinion that the defect, if there was one, was waived. The issues of fact were disposed of by the jury adversely to the defendant, and no sufficient reason is apparent for disturbing their verdict.

Judgment and order of the county court reversed, with costs, and the order or judgment of the justice affirmed, with costs, and restitution awarded. All concur, except PUTNAM, J., not voting.