(42 Misc. Rep. 402.)

MAUTERSTOCK v. WILLIAMS.

(Delaware County Court. January, 1904.)

1. SUMMARY PROCEEDINGS—PETITION.

Where a petition in summary proceedings to dispossess a squatter, under Code Civ. Proc. § 2235, alleges that petitioner is the owner in fee simple of the premises, it is sufficient.

2. SAME—OBJECTIONS TO PLEADING.

Where, in summary proceedings, defendant files an answer and a jury is drawn, an objection then raised to the sufficiency of the allegation of the interest of the petitioner is waived.

3. SAME—DEFENSES.

Where, in summary proceedings, defendant has shown neither title nor possession, he cannot introduce a sheriff's deed on a sale on execution against a third person not shown to have had any title to or possession of the premises, or a lease from the grantee in such deed under which defendant claims to be in possession.

Appeal from Justice Court.

Action by Edward Mauterstock against Frank Williams. From a judgment awarding plaintiff possession of certain land, defendant appeals. Affirmed.

James R. Baumes, for appellant.

Wagner & Fisher, for respondent.

GRANT, J. On the 13th day of May, 1902, the petitioner presented to R. B. Riggs, justice of the peace of the town of Deposit, a petition alleging that he was the owner in fee simple and entitled to the possession of the parcel of land therein described in the town of Deposit, Delaware county, and that Frank Williams, the appellant, had entered into and squatted upon said parcel of land without his permission; that due notice was given defendant to remove therefrom, as required by section 2236 of the Code of Civil Procedure. Upon said petition a precept was issued requiring the defendant to forthwith remove from the premises or show cause on the 17th day of May, 1902, why possession of the property should not be awarded to the petitioner. Upon the return of the precept the parties appeared in person and by attorney. The proceeding was held open by consent until May 19th at 1 p. m., at which time the defendant filed an answer and demanded a jury. A jury was drawn, and the case adjourned June 3, 1902, at 10 a. m. On the adjourned day the parties appeared in person and by counsel. The defendant filed objections, alleging that the justice did not have jurisdiction of the proceeding, for the reason that the petition did not describe the interest of the petitioner in the premises, and did not contain a sufficient description of the premises. The objection was overruled, a jury impaneled, and trial had, resulting in a verdict for the

petitioner, whereupon the justice made a final order awarding to the petitioner possession of the premises, with costs. From this order an appeal was taken to the County Court.

The appellant assigns the following reasons why the final order or judgment should be reversed: First. That the petition did not contain a description of the interest of the petitioner in the premises, which was necessary to give the court jurisdiction. Second. That the answer set forth the facts by which the defendant obtained possession of the property in question, and by which he claimed the right to retain possession, to wit: That on the 16th day of August, 1881, one Deborah Shadden was the owner and in possession of the premises in question; that on that day one Alvin C. Smith obtained a judgment in the Supreme Court against said Deborah Shadden for the sum of $139.39; that an execution was issued upon said judgment, and a levy made upon the premises in question; that the premises were sold by the sheriff of Delaware county to one A. T. Burrows, who obtained a sheriff's certificate of sale, and on the 4th day of October, 1895, assigned the same to S. R. Cook, who obtained a sheriff's deed of the premises October 7, 1895, and on the 2d day of April, 1902, by an instrument in writing, leased the premises in question to the defendant. That upon the trial the defendant offered in evidence the lease, sheriff's deed, certificate of sale, and transcript of judgment under which he claimed the right to the possession of the property in question. This evidence was objected to by the petitioner and excluded.

It appears from the evidence: That the petitioner purchased the premises in question in the spring of 1886 of William Axtell and wife. That he leased the premises to one Joseph Axtell, who sublet the same to one Springstein. Springstein's term expired April 1, 1902. About March 1st the petitioner served, or caused to be served, a notice upon Springstein and Axtell to vacate the premises April 1st for nonpayment of rent. About April 1, 1902, the defendant moved into and took possession of the premises without the knowledge or consent of the petitioner. That the petitioner had been in peaceable possession of the premises from the time he purchased the same until the defendant entered, April 1, 1902.

The first question to be determined is whether the petition contained a sufficient description of the petitioner's interest in the property to confer upon the justice jurisdiction of the proceeding. The interest of the petitioner in the premises is described in the petition as follows: "That the petitioner is the owner in fee simple and entitled to possession," etc. This, in my opinion, is a sufficient description of the petitioner's interest to confer jurisdiction upon the justice. The petitioner is described as the owner in fee simple. The description could not be made more specific. If he had been characterized as simply the owner there might be some question as to the extent or character of his ownership. An estate in fee simple is the entire and absolute interest and property in land, and one who is the owner in fee simple can have no greater estate. Section 2235 of the Code requires the applicant to present to the judge or justice a written petition, verified in like manner as a verified complaint in an action brought in the Supreme Court, describing the premises of which the possession is claimed and the interest

therein of the petitioner. The petitioner in this case could not have used more explicit or fitting language to describe his interest. It is true he might have stated at length the source of his title, but I do not think that is the description contemplated in the statute. If the description contained in the petition is not sufficiently definite to answer the requirements of the statute, I am of the opinion the objection was not taken in time. See Crane v. Van Derveer, 45 App. Div. 139, 60 N. Y. Supp. 1040. The precept was issued by the justice May 13, 1902, returnable May 17, 1902. On the return day the parties appeared in person and by attorney, and consented that the proceeding stand open until May 19, 1902, at which time the parties again appeared in person and by attorney, and the defendant filed an answer and called for a jury trial. A panel was drawn, and thereafter the case adjourned to June 3, 1902. Upon the adjourned day both parties again appeared in person and by attorney, and the defendant then filed objections to all previous proceedings and to all further proceedings upon the ground the petition failed to describe the property and the interest of the petitioner therein, and the query is whether the objection is not waived by the general appearance and answer and subsequent proceedings before the question was raised.

In the case of Crane v. Van Derveer the precept was issued by the justice May 2, 1899, returnable May 8, 1899. On the return day the defendant appeared by attorney, filed a verified answer, and called for a jury trial. A panel was drawn thereafter upon the application of the defendant, and on consent of the plaintiff the case was adjourned to May 10, 1899. Upon the adjourned day both parties appeared in person and by attorney, and the defendant then objected to all previous proceedings had, and to any further proceedings, on the ground that the petition failed to describe the interest of the petitioner in the premises, as required by section 2235 of the Code, and that the proceedings were void, and the court had not acquired jurisdiction of the subject-matter. The court there held (Merwin, J., writing the opinion) "that the defect, if there was one, was waived." The case of Crane v. Van Derveer, being a decision of the Third Department in a case where the facts are substantially the same, is, in my opinion, a controlling precedent.

The ruling of the court excluding the lease offered in evidence by the defendant was correct. The objection to its admission was that no foundation had been laid for the evidence. This objection was sustained, and properly so, for the following reasons: The execution of the lease had not been proved. This was necessary to lay the proper foundation for its admission. No title or possession had been shown in the lessor, and this should have been done to lay the foundation for its admission as evidence against the petitioner, in whom both title and possession had been shown.

The ruling of the court excluding the deed from Daniel Franklin, as sheriff, to S. R. Cook, and the certificate of sale to C. T. Burrows, and also the transcript of judgment against Deborah Shadden, were all correct, for the reason that at the time they were offered in evidence there was no evidence in the case showing, or tending to show, that Deborah Shadden, at the time the judgment was entered and docketed,

nor at any other time, either had title to or possession of the premises in question, and, until such title or possession was shown, the evidence offered was entirely immaterial and irrelevant. The order of proof is in the discretion of the court, and the court had the right to exclude irrelevant evidence until proof was given showing it to be relevant. No evidence was offered tending to show that Deborah Shadden, at the time of the entry of the judgment, or at any time when the judgment would have been a lien upon the property, had either title to or possession of the property.

The order or judgment appealed from should, therefore, be affirmed, with costs, and an order may be entered accordingly. Order or judgment affirmed, with costs.