HERMAN H. KAHRS, Landlord, Appellant, *v.* CHARLES L. EYGABROAD, Tenant, Respondent.

(Supreme Court, Appellate Term, First Department, January Term — Filed February, 1921.)

Summary proceedings — statutes — landlord and tenant — trial — pleading — evidence — when final order reversed and new trial granted.

A summary proceeding under the statute (Laws of 1920, chap. 942) was instituted upon a landlord's petition alleging that he was in good faith seeking to recover possession of an

apartment occupied by the defendant tenant in petitioner's ten-family apartment house, for the immediate and personal use of himself and family, as a dwelling. The answer was a general denial, and the landlord on his direct examination was asked: " Do you intend to occupy for yourself as a dwelling place for yourself and family, for usual purposes, the apartment now occupied by " the defendant tenant. An objection by the tenant's counsel that the answer called for a conclusion was sustained and exception taken. The court correctly charged that the good faith of the landlord in the matter was a question for the jury. *Held,* that the exclusion of the testimony sought to be elicited by the question was error for which a final order in favor of the tenant entered upon the verdict will be reversed and a new trial granted.

APPEAL by the plaintiff, landlord, from a final order of the Municipal Court of the city of New York, borough of The Bronx, second district, in favor of the tenant, entered upon the verdict of a jury.

Martin Gollubier, for appellant.

Arnstein & Levine (Sidney S. Levine, of counsel), for respondent.

WAGNER, J. The landlord instituted the summary proceeding under chapter 942 of the recently enacted rent laws, alleging that as owner of the premises in question, a ten-family apartment house, he was seeking in good faith to recover possession of the apartment occupied therein by the defendant tenant for the immediate and personal use of himself and family as a dwelling. The tenant answered said petition by the interposition of a general denial. After a somewhat extended trial before the court and jury, the latter returned a verdict in the tenant's favor resulting in a dismissal of the petition upon the merits and the denial of the motion made to set the verdict aside.

The test by which applications of this character

under chapter 942 of the Laws of 1920 are to be governed is evident from an examination of the phraseology the legislature saw fit to employ. Good faith on the part of the landlord is the cornerstone upon which the whole provision rests. Actual and *bona fide* intent to make such use of the premises as he alleges in his petition following the language of the statute is the condition precedent upon which the right to the relief afforded by it depends. Otherwise its salutary effect could at will be nullified and the underlying purpose which prompted its passage entirely thwarted. Not only must his petition allege but the proof must show the good faith animating him in seeking to obtain the use of the property for personal purposes.

In the present case, the landlord was asked upon his examination: " Do you intend to occupy for yourself as a dwelling place for yourself and family, for usual purposes, the apartment now occupied by Mrs. Eygabroad? " Upon the ground that the answer called for a conclusion of the witness, the tenant's counsel's objection was sustained to which timely exception was taken. It is urged upon us on this appeal, and we are convinced by the authorities that the exclusion of this testimony constituted error requiring a reversal of the judgment.

It is true that intent is usually to be judged by the light of surrounding facts and circumstances, for the reason that they afford a satisfactory test which is known and capable of consideration by the triers of fact. But as was aptly stated in *Cortland County* v. *Herkimer County*, 44 N. Y. 26: " here the witness speaks of an intent which may be at variance with the surrounding facts and circumstances, and of which none can know but himself." It has repeatedly been held since the decision in *Seymour* v. *Wilson*, 14 N. Y. 567, that the motive with which an

act was done may be inquired into by asking of the party perpetrating the act, and that the real activating motive may be stated as a fact and considered in connection with the other evidence. *Pope* v. *Hart,* 36 Barb. 636; *Dillon* v. *Anderson,* 43 N. Y. 236; *Pritchard* v. *Hirt,* 39 Hun, 380. We think the following quotation from the opinion of the court in *More* v. *Deyoe,* 22 Hun, 208, 223, is a succinct declaration of the rule: "But where the act is equivocal in character, and the intent is directly in issue, it may be ascertained by direct questions, as was sought to be done in this case. Not that the answer would be absolutely conclusive but it would be an item of admissible evidence."

Since the jury were rightly instructed that the good faith of the landlord as to the use of the premises for himself and family was a question of fact for them to determine, it would seem clear that his intention in that regard constituted a material and important factor for their consideration. We express no view in that respect of an answer by the plaintiff to the question propounded. Both principle and authority, however, compel us to hold that an answer to such question should have been allowed by the learned trial justice, and for this error of exclusion we direct a new trial.

Final order and judgment reversed and new trial granted, with thirty dollars costs to appellant to abide the event.

Guy and McCook, JJ., concur.

Final order and judgment reversed and new trial granted, with thirty dollars costs to appellant to abide event.