Elias Kaplan and Jacob Kaplan, Respondents, *v.* Samuel Bernstein, Appellant.

(Supreme Court, Appellate Term, Second Department, April Term — Filed May, 1921.)

Summary proceedings — when tenant waives right to object to defects in proceedings — jurisdiction — landlord and tenant — Code Civ. Pro. § 2231(1-a).

The technical rules that once were in vogue in summary proceedings should no longer prevail. (P. 418.)

The amendment (Laws of 1920, chap. 942) to section 2231 of the Code of Civil Procedure consists of the insertion of a new subdivision, 1a, which provides "No proceeding as prescribed in subdivision 1 of this section shall be maintainable to recover the possession of real property * * * occupied for dwelling purposes except * * * or a proceeding where the owner of record of the building being a natural person seeks in good faith to recover possession of the same * * * for the immediate and personal occupancy by himself and his family as a dwelling." *Held,* that in a summary proceeding against a tenant holding over based upon the claim that one of the landlords wished the property for his own residence, it was not necessary that the petition should allege either that the landlord is a "natural person" or the "owner of record" of the property. (Pp. 415–417.)

The court having general jurisdiction of the subject matter the failure to allege any fact essential to give jurisdiction of the person might be waived by the tenant. (P. 418.)

Where the tenant made no mention of the alleged defect in the petition until after the trial had closed and then not until it was pointed out by the court and the landlord's deed showing that he was the owner of record of the property was received in evidence without objection, the landlord's right to maintain the proceeding was fully established and the tenant's right to object to the petition as defective was waived. (Id.)

APPEAL by the tenant from a final order of the Municipal Court of the city of New York, borough of Brooklyn, second district, entered in favor of the landlords after a trial before the court without a jury.

E. Ivan Rubenstein (A. I. Nova on the brief), for appellant.

Joseph J. Dreyer, for respondent.

CROPSEY, J. The proceeding was based upon the holding over by the tenant and upon the claim that one of the landlords wished the property for his own residence. Upon this appeal the sole error claimed is that the petition is defective in that it fails to state

that the landlord is a " natural person " and the " owner of record " of the property. And it is further claimed that the omission cannot be waived, and thus that the court did not acquire jurisdiction.

The objection that the petitioner should allege that he is a natural person is nonsensical. The petition shows that it is made by an individual, and hence it appears that the petitioner is a natural person, although those words are not used. The question remains whether the petition must allege that the landlord is the " owner of record." Section 2235 of the Code of Civil Procedure specifies what the contents of a petition in summary proceedings must be. It says the applicant must present a written petition " stating the facts which according to the provisions of this title authorize the application by the petitioner." This section was not amended by any of the recent housing legislation. Chapter 942 of the Laws of 1920 contains the provision which is in question here. That was an amendment to section 2231 of the Code of Civil Procedure, and consisted of inserting a new subdivision, 1a. The material part of that reads as follows:

" * * * no proceeding as prescribed in subdivision 1 of this section shall be maintainable to recover the possession of real property * * * occupied for dwelling purposes except a proceeding to recover such possession upon the ground that the person is holding over and is objectionable, in which case the landlord shall establish to the satisfaction of the court, that the person holding over is objectionable; or a proceeding where the owner of record of the building, being a natural person seeks in good faith to recover possession of the same or a room or rooms therein for the immediate and personal occupancy by himself and his family as a dwelling; or a proceeding where the petitioner shows to the satisfac-

tion of the court that he desires in good faith to recover premises for the purpose of demolishing the same with the intention of constructing a new building * * *; or a proceeding to recover premises constituting a part of a building and land which has been in good faith sold to a corporation formed under a co-operative ownership plan * * *."

Subdivision 1 of the section referred to covers the cases of tenants holding over after the expiration of their term. In no part of the new subdivision 1a is there any requirement that the matters therein specified shall be stated in a petition. It is stated that if the tenant is objectionable, that fact shall be established " to the satisfaction of the court," and also if the landlord seeks possession for the purpose of demolishing the building he must show that " to the satisfaction of the court." Though there is no such statement with regard to the clause providing for the maintenance of such a proceeding where the owner seeks in good faith to recover possession as a dwelling for his family, it must be assumed that the section means that those facts must be shown to the satisfaction of the court. But that does not necessarily mean that they must be alleged in the petition.

That the legislature did not intend to require the petition to contain these allegations is indicated by the language of chapter 945 of the Laws of 1920. That act amended subdivision 2a of section 2231, and was passed at the same time as chapter 942. The material part of that subdivision reads: " No proceeding as prescribed in subdivision 2 of this section shall be maintainable to recover the possession of real property * * * occupied for dwelling purposes, *unless the petitioner alleges in the petition and proves* that the rent of the premises * * * " etc.

This subdivision 2a was first enacted by chapter 139

of the Laws of 1920, passed in April of that year, and it then contained the same language as above quoted. But that does not detract from the force of the contention, that when the legislature enacted chapter 942 and did not put in any such language, it did not mean to require the petition to allege the facts mentioned in that chapter. Subdivision 2a was before the legislature at the time subdivision 1a was enacted and, as has been stated, subdivision 2a was amended at the same time that the other subdivision was inserted. The difference in the language in these two subdivisions lends force to the contention that while in any proceedings brought under subdivision 2 (those based upon default in the payment of rent), the petition must allege the facts required by subdivision 2a; in proceedings brought under subdivision 1 (those based upon holding over), the petition need not allege the facts stated in subdivision 1a.

Appellant contends that the decisions in the First Department with reference to the constitutionality of the housing laws hold otherwise, and he refers to *People ex rel. Brixton Operating Corporation* v. *La Fetra,* 113 Misc. Rep. 527. But that opinion dealt merely with the constitutionality of the enactment and not with the question of pleading. In *Kahrs* v. *Eygabroad,* 114 Misc. Rep. 395, the opinion says (p. 397): " Not only must his petition allege but the proof must show the good faith animating him in seeking to obtain the use of the property for personal purposes." This statement, however, had nothing to do with the decision. The tenant below had been successful and the appeal was by the landlord, and the decision of the Appellate Term was that it was error to exclude testimony showing intent and good faith of the landlord. No question of pleading or sufficiency of the petition was involved.

Moreover, the Court of Appeals has held that the technical rules that once were in vogue in these proceedings should no longer hold. *Reich* v. *Cochran,* 201 N. Y. 450.

But even if the petition should have stated that the landlord was the owner of record, the tenant has waived his right to raise the point. The court below had general jurisdiction of summary proceedings, that is, of the subject matter. And, therefore, the failure to allege the service of a notice or of any other fact essential to give jurisdiction of the person, may be waived by the tenant. *Crane* v. *Van Derveer,* 45 App. Div. 139; *Cutting* v. *Burns,* 57 id. 185, 191; *Peabody* v. *Long Acre Square Building Co.,* 112 id. 114, 119; *Shaffer* v. *Riseley,* 114 N. Y. 23.

The tenant made no mention of the point under discussion until after the trial was closed, and then not until it was pointed out by the court. When the landlord offered his deed in evidence, which showed that he was an owner of record, the tenant's counsel said there was " no objection " and it was received. This established the landlord's right to maintain the proceeding beyond all question. The acts of the tenant constituted a waiver of his right to now say that the petition was defective. See *Matter of Steele,* 154 App. Div. 860.

KELBY and MANNING, JJ., concur.

Final order affirmed, with ten dollars costs.