JOHN HAACKE, Respondent, *v.* JACOB MARX, Appellant.

First Department, July 2, 1924.

**Landlord and tenant — action to recover damages for unlawful eviction —
plaintiff alleges that at time of issuance of precept in summary proceed-
ings to dispossess defendant herein had sold premises.— plaintiff having
appeared in dispossess proceedings and litigated questions raised, cannot
attack adjudication collaterally.**

A tenant who has been evicted from premises in summary proceedings to dispossess,
in which proceedings he appeared and litigated questions raised by his answer,
has no cause of action against the landlord for unlawful eviction on the ground
that at the time of the issuance of the precept in the summary proceedings
the landlord was not the owner of the premises, for the tenant is bound by the
adjudication in the dispossess proceedings and cannot attack that adjudication
collaterally.

APPEAL by the defendant, Jacob Marx, from a judgment of
the Supreme Court in favor of the plaintiff, entered in the office
of the clerk of the county of Bronx on the 21st day of April, 1923,
upon the verdict of a jury rendered by direction of the court.

*Herman & Ernst* [*Henry Lehrich* of counsel; *Arthur O. Ernst*
with him on the brief], for the appellant.

*John A. Leddy* [*Thomas G. Price* of counsel], for the respondent.

MARTIN, J.:

This action was brought to recover damages for an illegal eviction
from premises No. 1291 Clay avenue, borough of The Bronx,
occupied by plaintiff as a grocery store. This eviction is alleged
to have occurred on November 30, 1920.

The plaintiff had been in possession and occupancy of the
premises continuously from January 2, 1913, on which day he
leased the premises from the defendant for a further term of five
years commencing May 1, 1915, and ending May 1, 1920, at a
graduated rental, the rent for the last year, that is from May 1,
1919, to May 1, 1920, being one thousand one hundred and forty
dollars annually, payment to be made in monthly installments of
ninety-five dollars each. Plaintiff continued in possession of the
premises after the expiration of the lease, without any new agree-
ment with the defendant, paying the rent of ninety-five dollars
for the months of May, June, July and August, 1920.

On July 31, 1920, he was served with a notice that the defendant
elected to terminate his tenancy on September 1, 1920.

It is plaintiff's contention that his holding over after the

expiration of the lease without any new agreement, and the payment and acceptance of the rent by the defendant for the month of May, 1920, and subsequent months, was an election by the landlord to renew the lease for the term of one year from May 1, 1920, to May 1, 1921. Accordingly he refused to vacate the premises, and on September 1, 1920, sent his check for ninety-five dollars for the September rent, which was returned by the defendant.

Plaintiff continued in possession and on October 13, 1920, was served with a precept dated October 11, 1920, and issued on that day by the clerk of the Second District Municipal Court, Bronx, on a petition sworn to by the defendant, as owner in fee and landlord, under date of September 30, 1920. The precept required plaintiff to show cause on October 18, 1920, why possession of the premises should not be delivered to the defendant. Plaintiff filed an answer to the petition, the record in the Municipal Court indicating that he pleaded " general denial," a " lease " and " no notice." After various adjournments a trial was had on October 28, 1920, and a final order made awarding defendant possession of the premises. On November 30, 1920, a warrant was issued pursuant thereto, and on that day the marshal evicted the plaintiff.

It developed during the trial that the defendant on October 1, 1920, had conveyed all his right, title and interest in these premises to one Jacobson, and was not on October 11, 1920, the date of the issuance of the precept, the owner in fee of the premises, but had eleven days before parted with all his right, title and interest therein.

This summary proceeding was brought under section 2235 of the Code of Civil Procedure,* which is in part as follows: " The application may be made by the landlord or lessor of the demised premises; the purchaser upon the execution or foreclosure sale; the person forcibly put out or kept out; the person with whom, as owner, the agreement was made, or the owner of the property occupied under an agreement, to cultivate the property upon shares, or for a share of the crops; or the person lawfully entitled to the possession of the property intruded into or squatted upon, as the case requires; or by the legal representative, agent, or assignee of the landlord, purchaser, or other person, so entitled to apply; or by the person or corporation authorized to proceed under section twenty-two hundred and thirty-seven of this act. * * *."

The Municipal Court held the petitioner was within that section and entitled to the relief demanded.

The question now arises whether the final order in the dispossess

---

* Now Civ. Prac. Act, § 1414.— [REP.

proceeding may be ignored and the landlord sued for damages upon the theory that the court was without jurisdiction. This was a contested landlord and tenant proceeding where an answer was interposed, evidence taken and a trial completed. The question of jurisdiction also appears to have been litigated. The landlord's petition was properly filed, a precept properly issued, an answer filed, a trial of the issues had, a final order made, and the warrant of dispossess properly executed. The matters in issue were litigated on the trial, and the justice found against this plaintiff. No appeal was taken.

It is now contended that because the plaintiff in this action is able to show that the landlord sold the premises prior to the issuance of the precept, or prior to the trial, but after the filing of his petition, he had no right to institute this proceeding, and, therefore, the whole proceeding was void. The court had jurisdiction of both the person and the subject-matter.

In *Reich* v. *Cochran, Nos. 1 & 2* (105 App. Div. 542) this court held, as stated in the headnote, as follows: " Where the petition in the summary proceeding, the precept issued thereon and the proof of service of the precept are in all respects regular upon their face and in accordance with the requirements of the Code of Civil Procedure, the tenant cannot, in an independent collateral action, question the jurisdiction of the said District Court to issue, upon his default (occurring after the denial of an application for an adjournment made by an attorney at law at the instance of the attorney whom the tenant had instructed to appear for him in the proceeding), a final order awarding possession of the premises to the landlord, notwithstanding that it appears in such independent collateral action that, as a matter of fact, the demand for the payment of the rent, which was a condition precedent to the institution of the summary proceeding, was never made upon the tenant; that no rent was due from the tenant at the time the proceeding was instituted, and that the precept was not served upon the tenant or upon the person mentioned in the proof of service.

" When the jurisdiction of a court of limited authority depends upon a fact which must be ascertained by that court, and such fact appears and is stated in the record of its proceedings, a party to such proceedings who did not appear therein, although he had opportunity to do so, or who did appear therein, but neglected to controvert the jurisdictional fact, cannot afterwards in a collateral action against his adversary in those proceedings impeach the record and show the jurisdictional fact therein stated to be untrue."

It was averred in the petition that the present defendant was the owner and landlord of the premises. That the conventional

relationship of landlord and tenant existed followed from what was contained in the petition. The necessary facts being averred, the tenant having appeared and answered, having challenged by his answer such of the facts as he desired, and having admitted the others by failing to deny them, is bound by the adjudication which rests on the facts averred by the landlord and adjudicated against this plaintiff, some on his admission and others after trial.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., DOWLING, SMITH and McAVOY, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.