Martin B. Stecher, J.
The above-entitled actions are a series of holdover proceedings tried jointly in which the landlord seeks to recover possession of the subject premises in order to demolish them. The premises were decontrolled by an order of the Temporary State Housing Rent Commission made in 1953, following the creation of additional housing units by means of conversion of the premises.
The tenants have interposed numerous defenses but the one requiring our attention is the Rent Stabilization Law of 1969, (Administrative Code of City of New York, tit. YY). The 1969 act was signed into law by Mayor Lindsay on May 6, 1969. By its terms (§ YY51-3.0, subd. a, par. [5]; subd. c), it applies to “ class A multiple dwelling * * * which * * * are exempt from control by virtue of items * * * (2) * * * of subparagraph (i) of paragraph (2) of subdivision e of section Y51-3.0 of such law ’ \ The cited section recognized prior decontrol orders issued upon the creation of additional housing accommodations by conversión and it describes the premises under consideration here. The 1969 act provides (Administrative Code, § YY51-4.0, subd. a) that such dwelling units “ shall be deemed to be housing accommodations subject to control under the provisions of title Y of the administrative code notwithstanding any provision of such title to the contrary ”, unless the landlord is a member in good standing of an industry association to be created under the 1969 statute. The act by its terms took effect “ immediately ” as of May 6, 1969 (Local Laws, 1969, No. 16 of City of New York, § 2).
The intent of the statute is clear: to instantly reimpose existing rent control law and regulations on previously decontrolled housing (Administrative Code, § YY51-4.0); at the same time giving the real estate industry a reasonable opportunity to police itself through the device of “ a real estate industry stabilization association having as members the owners of no less than forty per cent of the dwelling units covered by this law ” (Administrative Code, § YY51-6.0).
*102 Accordingly, the allegation of decontrol is neither properly pleaded nor proved (Real Property Actions and Proceedings Law, § 741, subd. 4; Giannini v. Stuart, 6 A D 2d 418). The premises being controlled premises, the landlord is required to allege and prove either: that the petitioner is a member of such association whose approved code permits the eviction sought (Administrative Code, § YY51-6.0, subd. c) or that newly promulgated rules and regulations of the Housing and Development Administration issued pursuant to the provisions of the Administrative Code (§ YY51-4.0, subd. c) permit such eviction: or, in the absence of either of the foregoing, that a certificate of eviction has been issued pursuant to the provisions of the City Rent and Rehabilitation Law of 1962 (Administrative Code, § Y51-6.0, subd. b, par [4]).
The petitioner contends that the Rent and Stabilization Law of 1969 cannot affect these proceedings as its effective date is subsequent to the commencement of these proceedings. Ten of the 11 summary proceedings were commenced, not by personal service, but by attaching the process to a “ conspicuous part ’ ’ of the premises on May 6, 1969, following which a copy was mailed to each of the said respondents the same day. In each of these 10 cases, however, proof of service was filed with the Clerk of the court 2 days later on May 8, 1969. By statute (Real Property Actions and Proceedings Law, § 735, subd. 2 par. [b]) the date of filing is the date when service was complete.
As previously noted the law 'became effective on May 6, 1969, and as to these respondents there is no question that the new statute applies.
One respondent Edward Palmer was served personally on May 6, 1969. Such service was complete when delivered to the respondent (Real Property Actions and Proceedings Law, § 735, subd. 2, par [a]), the day that the bill was signed into law by the Mayor. The statute, however, regardless of the hour of the day in which it was signed is deemed effective from the first moment of the day it was signed (Croveno v. Atlantic Ave. R.R. Co., 160 N. Y. 225), and the argument of the petitioner must fall as to this service as well. It should be observed in passing that despite the date or hour of signing the bill into law it is the clear intent of the statute in declaring the existence of an emergency to recontrol all premises described therein upon which a final judgment of possession has not been granted.
Each of the petitions is dismissed without prejudice to the commencement of a new proceeding.