Martin B. Stecher, J.
The petitioner moves herein pursuant to the provisions of CPLR 4404 (subd. [b]) for an order setting aside the determination previously made by me in this case (60 Misc 2d 100). Two principal grounds are ascribed: (a) That this court on trial erred as to the effective date of the Rent Stabilization Law of 1969 (Administrative Code of City of New York, ch. 51, tit. YY) — which it did; and (b) that the statute itself is unconstitutional.
The error as to the effective date will afford the petitioner no relief. Although the proceedings were commenced prior to the effective date of the local law, the judgment herein was rendered thereafter; and as was stated in the original decision after trial, “ despite the date or hour of signing the bill into law it is the clear intent of the statute in declaring the existence of an emergency to recontrol all premises described [in the statute] upon which a final'judgment of possession has not been granted. ” (60 Misc 2d 100, 102.)
The constitutional attack is made both in general terms and on the issue that the petitioner was “ left without a remedy at law ’ ’ in its efforts to recover and demolish the building involved.
Petitioner contends that the Rent Stabilization Law of 1969 is unconstitutional because it creates “class legislation,” in that the rent code promulgated under it is applicable only to premises whose landlords voluntarily submit to it by joining an industry association (Fifty Cent. Park West Corp. v. Bastien, 60 Misc 2d 195). This statement, although accurate, does not describe the entire picture. “ The law offers an incentive to a landlord to join the association. If he does, he is entitled to raise his rents within the limits prescribed by the statute and the Code. These limits permit the landlord to increase his rents somewhat over the rental charged on May 31,1968. The amount of the permissible increase varies depending upon the length of the lease and whether the tenant is old or new. The incentive to join lies in the fact that if the landlord does not join, he becomes subject to control under the rent control laws existing before Local Law No. 16 was enacted, and in that event, Local Law No. 16 provides that the city rent agency shall establish the maximum rent as the rent charged on May 31, 1968. Thus, if the landlord does not join the association, he is not entitled to any increase over the rent then in effect. ’ ’ (Somerset-Wilshire Apts. v. Lindsay, U. S. List. Ct., S. D., N. Y., filed July 29, 1969.)
The power to control rents generally under emergency situations is well established (Israel v. City Rent and Rehabilitation Administration of City of N. Y., 285 F. Supp. 908 and cases *907 therein cited). It is equally well established that the State may delegate this power to the city (I. L. F. Y. Co. v. City Rent and Rehabilitation Administration, 11 N Y 2d 480). The city is not bound to limit controls to those previously imposed by the State (I. L. F. Y. Co. v. City Rent and Rehabilitation Administration, supra, p. 490) but may chart those new courses which emergency situations may require. “ The validity of any such local laws or ordinances, and the rules or regulations promulgated in accordance therewith, shall not be affected by and need not be consistent with the provisions of the state emergency housing rent control law or with the rules and regulations of the temporary state housing rent commission thereunder.” (Local Emergency Housing Rent Control Act; L. 1962, ch. 21, § 1, subd. 5.)
The petitioner contends that it has been “ deprived of due process of law by virtue of having been left without a remedy at law,” in that it is alleged to be unable to recover and demolish this building. The constitutional protection granted to the owner of real property does not include, necessarily, the right to demolish the property. ‘ ‘ The Constitution merely mandates that a landlord earn a reasonable return.” (I. L. F. Y. Co. v. City Rent and Rehabilitation Administration, 11 N Y 2d 480, 492). However, remedies do exist. Prior to the promulgation of the new Real Estate Industry Stabilization Association Rent Code (N. Y. L. J., July 16 and 17, 1969), the petitioner could have obtained, if entitled thereto, a certificate of eviction under the 1962 statute (City Rent Eviction and Rehabilitation Regulations, § 58). If he failed to join the said association, he might still obtain a certificate of eviction under those regulations. If the landlord has elected to join the association and be bound by the new code, a certificate of eviction may be applied for from the Conciliation Appeals Board (C. A. B.), upon showing that “ the owner seeks in good faith to recover possession * * # for the purpose of demolishing them and constructing a new building provided that he has obtained approved plans for a new building ” (1969 Rent Code, § 54, subd. [d], par. [1]). The remedy was and is there; but, even its temporary suspension, if one there was, would not have rendered the statute unconstitutional (I. L. F. Y. Co. v. Temporary State Housing Rent Comm., 11 N Y 2d 259, 265).
The court does not credit the claim of the petitioner of the substantial sums of money which are being lost by each day it is delayed from obtaining possession of this building. To the end of the trial, the petitioner had not obtained approval for filed building plans and there is no indication in the moving *908 papers that that situation has changed. It had obtained approval for foundation plans and those foundations are substantially complete. There is another building on the site which remains fully tenanted and subject to rent control under the 1962 statute (Administrative Code, ch. 51, tit. Y), and it appears that no proceeding has been brought in this court for the removal of those tenants. If construction cannot begin until the second building is emptied and building plans approved, I fail to see the great damage which these delays are alleged to be causing the landlord. The motion is in all respects denied.