Per Curiam.

The order appealed from was an attempt of a Judge at Special Term of the Civil Court, in violation of the doctrine against collateral vacatur, to review and reverse the prior, subsisting order of a peer Judge made at Trial Term of the Civil Court in a summary proceeding (Mt. Sinai Hosp. v. Davis, 8 A D 2d 361; Endurance Holding Corp. v. Kramer Surgical Stores, 227 App. Div. 582, 584; CPLB 2221). No appeal having been taken within the time limited, the subsisting stay order is unassailable for any claimed error unless, in the exercise of discretion, despite gross laches, for some extraordinary reason, leave be granted to reargue, at which time cross motions to amend or supplement any defect in pleadings must properly be considered under the extensively liberalizing provisions of CPLB 3025 (subds. [b], [c]).
Turning to the merits, subdivision 2 of section 325 of the Multiple Dwelling Law provides that no rent shall he recovered by the owner of a multiple dwelling who fails to comply with the local law requirements of cities of over one million residents for registration of owners of multiple dwellings, until the owner complies with such requirements; however, if a tenant of an unregistered dwelling voluntarily pays his rent, he does not have a claim or cause of action for its recovery. A voluntary payment under the section means “ payment other than one made pursuant to judgment in an action or special proceeding.”
Subdivision b of section D26-41.21 of the Administrative Code of the City of New York provides that an owner who fails to file a statement of registration as required by the code shall he denied the right to recover possession of the premises for nonpayment of rent during the period of noncompliance; and, in the discretion of the court, shall suffer a stay of proceedings to recover rent during such period.
The orders vacated by the court below granted tenants stays of pending proceedings to recover possession of their premises and to recover rent. The stays were authorized by the provisions of the Multiple Dwelling Law and Administrative Code outlined above, as well as by section 755 of the Beal Property Actions and Proceedings Law. Moreover, the stays were granted at the instance of the tenants; the deposits were not made under a judgment in an action or special proceedings. Tenants, therefore, have no claim or cause of action for their recovery (Multiple Dwelling Law, § 325, subd. 2; see, also, Beal Property Actions and Proceedings Law, § 755, suhd. 3).
Also on the merits, tenants’ motion to dismiss the proceedings on jurisdictional grounds should not have been granted. Under section D26-41.21 of the Administrative Code, the owner *810 of a multiple- dwelling is required to allege in a nonpayment summary proceeding that he has filed a statement of registration, to set forth the registration number, and to annex a copy of the receipt of the registration to the petition. A petition omitting these .allegations may, perhaps, fail to state facts sufficient to constitute a cause of action. Omitting the allegations does not, however, deprive the court of subject matter jurisdiction (Haacke v. Marx, 210 App. Div. 248, affd. 240 N. Y. 568; Crane v. Van Derveer, 45 App. Div. 139; Kaplan v. Bernstein, 115 Misc. 413).
The line of eases alluded to in the dissent as Cal Cal Realty Corp. v. Taylor (67 Misc 2d 903) and its progeny, despite some loose usage of the term ‘ ‘ jurisdiction! defect ”, instead of “ fatal defect in the proof ”, are not necessarily to the contrary. In each of those cases a final order on appeal, dismissing the petition, resulted from the failure to plead and prove the fact of filing, etc., of a registration statement; not from the mere failure to allege it. Those cases should not be construed as placing any limitation on the “ widest possible latitude ” in granting leave to amend or supplement pleadings, at any stage, which CPLB 3025 so fully confides to the liberal discretion of trial courts in any and all proceedings.
The order should be reversed, without costs, and motion denied.