' Bentley Kassal, J.
Tenant moves to dismiss this nonpayment summary proceeding on the ground that the petition fails to “ state the facts upon which the special proceeding is based ” as required by subdivision 4 of section 741 of the Beal Property Actions and Proceedings Law.
The form petition contains the usual printed allegation ‘ ‘ That the premises are not subject to rent control by reason of ”. The words “ vacancy decontrol ” are typed in at that point and they are the key terms in issue.
Tenant argues that these inserted words do not satisfy the requirement that the petition present “ a concise statement of the ultimate facts upon which the proceeding is predicated so that the issues, if any there be are properly raised and can be met ” citing Giannini v. Stuart (6 A D 2d 418, 420).
The allegation which the court found to be a bare conclusion in Giannini v. Stuart (supra, p. 420) was: “ That the premises herein are decontrolled.” Thus, the only issue is whether the addition of the word “ vacancy ” modifies and explains the word “ decontrolled ” sufficiently to inform the tenant of the facts on which the proceeding is based.
In finding that the petition in the Giannini case failed to comply with section 1415 of the Civil Practice Act (adopted by the Beal Property Actions and Proceedings Law, § 741), the Appellate Division stated (p. 420): “ The requirement [that the petition state the facts authorizing the proceeding] is particularly applicable in all eviction proceedings based upon an allegation of decontrol, for decontrol may rest upon any one of several statutorily specified conditions ” (emphasis added).
It is still true that decontrol may be based uppn various conditions, but since the enactment of section 3 of chapter 371 *981 of the Laws of 1971, “ vacancy decontrol ” rests upon bnt one possible set of conditions, i.e., that the housing accommodation became vacant after June 30, 1971.
The court recognizes that the term “ vacancy decontrol ” is but a colloquialism which does not appear haec verba in the statute creating the same. Nevertheless, it is an expression which constantly surfaces in the press and has become an accepted part of the vocabulary of tenants living in New York City rent controlled buildings.
The landlord is not required to plead his evidence in the petition (Reich v. Cochran, 201 N. Y. 450, affg. 139 App. Div. 931). Nor is section 741 of the Real Property Actions and Proceedings Law intended to require overly restrictive rules of pleading, but rather the intent is to inform the respondent of the basis for the petitioner’s suit (Gould v. Pollack, 68 Misc 2d 610, affd. 71 Misc 2d 344).
The essence of the ruling in the Giannini case (supra) is that a required allegation in a petition must present a concise statement of the ultimate facts in such a manner that the issues “ are properly raised and can be met ”. In this court’s opinion, the term “ vacancy decontrol ” alerts the tenant to the fact that the basis for decontrol is a vacancy after June 30, 1971. Clearly, this may be controverted by a general denial and explored further by a demand for a bill of particulars, if required.
If one were to be logical and consistent and follow through with respondent’s contentions, the court would be obliged to declare the statement “ petitioner is the owner and landlord ” insufficient in that other essential facts of his ownership are lacking, namely, date of deed and name of grantor. Similarly, since it is essential that a demand for rent be both made and alleged, does this require the petition to contain the time and place of any oral demand and the name of the demanding party?
Indeed, the,tenants may properly seek to dispute any of these facts and can do so in two ways, namely, by asserting them specifically as defenses in the answer and by demanding a bill of particulars covering such underlying facts.
In any event, the burden remains with the landlord to prove such allegations.
Accordingly, the motion is denied and stay vacated. The answer will be served within five days of the service of a copy of this decision.