Bentley Kassal, J.
Time changes all things.
Approximately^ one year ago, this court held that a petition in a summary proceeding, containing an allegation that the premises were not subject to rent control by reason of "vacancy decontrol”, satisfied the requirement of subdivision 4 of section 741 of the Real Property Actions and Proceedings Law (RPAPL), in that it did "state the facts upon which the special proceeding is based.” (Feuerbach v Yanes, 76 Misc 2d 979.)
It was further determined that such an allegation satisfied the principles established by the Appellate Division in Giannini v Stuart (6 AD2d 418) since it "alerts the tenant to the fact that the basis for decontrol is a vacancy after June 30, 1971.” (p 981).
In the case at bar, the petition alleges "that the premises are decontrolled and are exempt from the rent stabilization law of 1969 because they were vacated after June 30, 1971.” Thus, it clearly complies with the requirements of Feuerbach v Yanes (supra).
However, the intervening year, has seen the enactment of the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4) (ETPA), implemented by City Council Resolution No 276 on June 4, 1974. In essence, with few exceptions, the ETPA placed all housing accommodations, not subject to other regulatory control or otherwise excluded, under the regulatory *70 control of the Rent Stabilization Law of 1969 (Local Laws, 1969, No. 16 of City of New York; Administrative Code of City of New York, ch 51, tit YY), as amended. (ETPA, §§ 5, 8, subd c; § 10, subd b.) Specifically, section 2 of chapter 576 amends the prior rent controls to read "housing accommodations which became vacant on or after July first, nineteen hundred seventy-one or which hereafter become vacant shall be subject to the provisions of [the ETPA]”.
The petition clearly fails to allege compliance with the ETPA. (In most cases, this would require, at least, a statement that the property is subject to the Rent Stabilization Law of 1969 by reason of the Emergency Tenant Protection Act of 1974, plus the allegations required by 22 NYCRR 2900.21 [e] [4] and [5].) Nor does it appear from the face of the petition that these premises are not subject to the ETPA. Any basis for exemption must be alleged and supported by a recital of any order or factual situation excluding the premises from regulation, sufficient to inform the respondent of the petitioner’s contentions so that they may be contested.
That the ETPA is "complex and often confusing” (New York Times, June 16, 1974, p 43, col 1), and possibly difficult to plead in a form petition, does not relieve the landlord of his obligation under subdivision 4 of section 741 of the Real Property Actions and Proceedings Law — and under the rules of this court (22 NYCRR 2900.21[e]) — to present "a concise statement of the ultimate facts upon which the proceeding is predicated so that the issues, if any there be, are properly raised and can be met” (Giannini v Stuart, supra, p 420.) In fact the very complexity of the new regulations demands such clarifying procedure (cf. Welling Estate v Marx, NYLJ, June 9, 1972, p 18, col 5; see, also, Lincoln Plaza Assoc. v Barbarisi, 60 Misc 2d 100).
Therefore, the petition is defective and must be dismissed, without prejudice, for the reasons stated. It is, thus, unnecessary to reach the other issues presented by respondent’s motion.
Petition dismissed without prejudice.