Robert W. Cacace, J.
This is a dispossess proceeding based upon the refusal of the tenant to pay rent for the months of May and June in the year, 1975, in the amount of $306.15 per month and additional rent, in the amount of $37.59 a month, for the months of February, April and March, 1975. The latter sums of $37.59 per month, represent the difference between the rent actually paid by the tenant and the increases promulgated by the Guidelines Board of Westchester County, appointed under the authorization of the Emergency Tenants Protection Act of 1974.
The relationship between the parties was fixed by a lease agreement, which expired on June 30, 1974, reserving rent in the amount of $268.56 per month. A new lease was entered into between the parties, either on June 20, 1974 or July 10, 1974, increasing the rent to $300. per month. Subsequently, the Guidelines Board of Westchester County, promulgated its rate of increases, applicable to the instant premises, which, if effective, would establish a rental for this apartment of $306.15 per month. It is this sum of $306.15 per month which is the rent demanded by the petitioner.
All parties agree that the premises are controlled by virtue of the Emergency Tenants Protection Act of 1974 (L 1974, ch 576, § 4).
The landlord, in his petition, recites that "said premises are not subject to rent control by reason of having been completed after February 1, 1947 and within Section 9, subd 3 of the State Rent Regulations and that all the provisions of the Rent Stabilization Act and its regulations have been complied with”. Nowhere in the petition is there a recitation of ultimate facts alleging compliance with the Emergency Tenants Protection Act of 1974.
In interpreting the obligation of a landlord to disclose information in his petition under the existing Emergency Rent Control statutes, the courts have held that it is a jurisdictional imperative for a landlord to plead and prove ultimate facts showing compliance with the appropriate Emergency Rent laws. (Lincoln Plaza Assoc. v Barbarisi, 60 Misc 2d *802 100; Giannini v Stuart, 6 AD2d 418; Real Property Actions and Proceedings Law, § 741, subd 4).
In this case, the petitioner’s witness admitted, only after questioning by the court, that he had no record of a notice of alternate lease terms being given to the tenant. The law requires that the tenant be offered either a one-, two- or three-year lease, at the rate of increase provided by the Guidelines Board, and that the tenant, at his option, can select either of the three terms. (Tenants Protection Regulations, § 35, subd 2, eff May 29, 1974.)
The option given to a tenant to select the term of a lease is a substantial right afforded the tenant and it is necessary for the landlord to plead and prove that he complied with the rent regulations in this regard. As this petitioner has failed to so plead and prove the petition is jurisdictionally defective. The petition is dismissed.