James B. Reap, J.
This is a proceeding brought by petitioner to terminate an oral month-to-month tenancy. Notice to terminate was served pursuant to section 232-b of the Real Property Law and while respondents admit such service, they also plead inter alia, that there is no jurisdiction in this court to proceed because the petition contains no allegation (1) that the premises come under the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4) (ETPA) or (2) that said act has been complied with. Petitioner moved to amend the petition to include both allegations.
We hold the ETPA does apply to subject premises and find it contains more than six units. The City of White Plains took the appropriate procedural steps at law per section 3 of said act, made a local determination that a housing emergency *1008 existed, and so implemented the statute. That was the direct result of the common council’s resolution dated July 29, 1974.
(Parenthetically, a judicial stipulation was entered on the record in open court to the effect that tenant would continue to pay rent as it became due on the first day of each month under the terms of the "old” month-to-month tenancy without prejudice to the petitioner’s action herein and such a stipulation effectively vitiated the provisions of section 232-c of the Real Property Law for the purposes of this proceeding only. In other words, it is agreed for our purposes here that the payment in fact by tenant of all rentals due and as well as the promise via social services to pay the rent due on October 1, 1975, does not and will not create a new month-to-month tenancy pending the determination of the motion before us and neither is petitioner estopped to proceed notwithstanding the acceptance of rent payments.)
preliminaries:
We agree with respondent tenant’s position as a matter of law and dismiss the petition, but for reasons other than those of jurisdiction.
1. The premises are subject to the ETPA. We allow the petition to be amended to that effect as requested.
2. We also allow the petition to be amended to allege compliance with the act as requested.
3. The motion to dismiss the petition because it is jurisdictionally defective is therefore denied.
We are aware this result is contra to 353 Realty Corp. v Disla (81 Misc 2d 68), but we do not feel bound as a matter of stare decisis doctrines to blindly follow the determination of the Civil Court of the City of New York, in the case at bar. To do so here would work a grossly unfair and unjust result on the parties because they would be right back in court litigating what is really only one key issue in this matter. What a waste of time, talent, money, energy, and exercise in futility that would be all around!
reasoning:
A. This court is now and always will be concerned with exhalting substance over form, and law over procedure.
B. If the petition as amended now alleges both that the premises are subject to the ETPA and that the ETPA had *1009 been complied with then the real issue is still: what does the ETPA mean? It is only after that meaning is determined that we are enabled to ascertain whether or not landlord petitioner complied in fact.
C. The substantive issue before us is one of very first impression in the State of New York. We must not lack the judicial courage to plunge in where intellects far greater than ours have not yet been challenged to tread. It is questionable courage in any event because appellate courts will reverse us if we err. A beginning must be made and the torch has been passed to us. Thus, we decline to take the easy route out of the thicket by simply deciding: "petition dismissed for failure of jurisdiction.”
"the” question presented as strictly limited to the FACTS AT bar:
Where a tenant occupies rented premises on a month-to-month tenancy basis, which premises are subject to the ETPA, does the regulation promulgated by subdivision a of section 10 of the act apply so as to require that landlord must offer said tenant a new one-, two-, or three-year lease before the said month-to-month tenancy can lawfully be terminated? Our answer is yes!!
Or — to restate the question: Under the ETPA where there is no written lease, but only a month-to-month oral tenancy in force, is the only way in which the tenancy can be terminated for the landlord to first offer tenant a new written lease for at least a one-year term and otherwise comply with the act and then have tenant reject the offer? Our answer is yes!!
The exceptions set up in subdivision a of section 10 of the ETPA are not relevant to answering the question.
REASONING BEHIND OUR ANSWERS:
A. It is axiomatic to any student of the law that perhaps the most difficult challenge with which anyone, let alone a lawyer, can ever be faced is to be required to draft a statute. We are sympathetic to the great burden placed upon a draftsman and we are fully aware we are not under the burden of strict construction of a criminal statute in derogation of the common law. (Cf. the ETPA discussion in the New York Times, June 16, 1974, p 43, col 1.)
B. The key words in subject exercise in statutory construe *1010 tion are to be found in subdivision a of section 10 of the ETPA. They are "periodic tenancy”. We construe those words to be within the more all encompassing term: "any rental agreement” as used in the statute. Once having so determined then perforce they include a lease other than an existing written one. Therefore it follows that a month-to-month tenancy equals a "rental agreement” equals a tenancy subject to the balance of the provisions of subdivision a of section 10 of the act. (See Rasch, New York Landlord and Tenant [2d ed], §§ 1043-1045, for a scholarly discussion of what is a "periodic tenancy”.)
C. The Legislature used the words "other rental agreement” in both subdivision a of section 6 and in section 11 of the act and to find that the words "periodic tenancy” come within the concept of "other rental agreement” involves no violent straining of language, and seems to us to be clearly within the moving spirit of the whole act as defined in section 2 (legislative finding). Moreover "other rental agreement” logically can be said to be the larger term or the parent tree so to speak, and therefore, carries within its parameters the branches of that tree, or in this case, its lesser part, a "periodic tenancy” as those words appear in subdivision a of section 10 of the statute.
D. We therefore find on the facts here presented, that landlord must offer even a month-to-month tenant at least a new one-year lease (which lease complies with the terms of the act and all reasonable regulations lawfully enacted pursuant thereto) before landlord can terminate the month-to-month tenancy pursuant to law.
Conclusion:
The motion made by respondents to dismiss the petition is granted as a matter of law because petitioner has not complied with the ETPA even though we allow the petition to be amended to allege compliance. The dismissal is without fees or costs, and without prejudice to renew should tenant decline to accept a lease properly tendered in accordance with the ETPA.