OPINION OF THE COURT
Norman C. Ryp, J.
Are some apartments more unequal than others in 1979?
A. ISSUE
Is a class B Multiple Dwelling Law tenant under second class legislative protection, or, in current computer syntax, "decontrolled” and "destabilized”? No says reason, justice and a unanimous 1979 New York Court of Appeals.
B. PROCEDURAL HISTORY AND FACTS
*505 This is one of five identical motions by respondent tenant, pursuant to CPLR 3211 (subd [a], pars 2, 7), to dismiss landlord’s petition in a holdover summary proceeding, as jurisdictionally defective. The parties agree, for the purposes of this motion, that subject housing accommodations are located in a class B multiple dwelling, which was vacant after June 30, 1971, the operative date of the so-called Vacancy Decontrol Law (L 1971, ch 372, eff June 1, 1971).
c. parties’ contentions
Movant bases the motion on the grounds that the petition is fatally and jurisdictionally defective by failure to allege that the premises are regulated by or subject to the Rent Stabilization Law of 1969 (RSL) (Administrative Code of City of New York, ch 51, § YY51-1.0 et seq.) or the Emergency Tenant Protection Act of 1974 (ETPA) (L 1974, ch 576, § 4, eff May 29, 1974; New York City Council Resolution No. 276, dated and eff June 4, 1974). Petitioner landlord opposes each motion based upon an allegation, by typed photocopy stapled to the petition, that claims, in substance, that the premises are not subject to rent control by reason of vacancy decontrol and not subject to rent stabilization because same are contained in a class B multiple dwelling, which collectively exempts landlord from the ETPA and all other legislative rent regulation.
For the purposes of this motion, this court shall exclusively consider the issue of law focused upon by the parties, that is whether a class B Multiple Dwelling Law apartment, occupied by a tenant following a prior post-June 30, 1971 vacancy, is subject to control or exempted from regulations and control under EPTA.
D. APPLICABLE LAW AND DETERMINATION
After careful consideration of all applicable law, statutory and case law, the court determines subject petition is jurisdictionally defective and subject motion to dismiss is granted. Aside from the matter and manner of any other allegations contained in the petition or its execution, which the court does not pass upon herein, subject petition is insufficient on its face, as a matter of law, for failure to properly and substantially allege that subject apartment is subject to the city rent law (rent control), RSL or ETPA, or not subject to any of the foregoing and giving the reason therefor. Subject petition does not even mention ETPA, also known as RSL of 1974. The foregoing is required by the Real Property Actions and Proceedings Law and the rules of this court (see Real *506 Property Actions and Proceedings Law, § 741, subd 4; 22 NYCRR 2900.21 [e]) and procedural due process. (See Giannini v Stewart, 6 AD2d 418; Libe v Carles, 47 AD2d 815, affg without opn NYLJ, Aug. 26, 1974, p 14, col 8; 353 Realty Corp. v Disla, 81 Misc 2d 68, 69.) Moreover, the New York Court of Appeals unanimously held that all classes of multiple dwellings, including class B, are rent stabilized and under legislative regulation, pursuant to ETPA. See Matter of Zeitlin v New York City Conciliation & Appeals Bd. (46 NY2d 992, 995) which read sections 3 and 5 of the ETPA together for legislative intent and, thus, rejected petitioner landlord’s similar argument, and implicit dicta in Minton v Domb (63 AD2d 36), which involved a co-operative. Petitioner landlord’s authorities, La Guardia v Cavanaugh (NYLJ, Feb. 21, 1979, p 10, col 4) and Nash v Orr (NYLJ, June 6, 1979, p 7, col 1) have been apparently overruled by the New York Court of Appeals in Zeitlin. (See Housein v Breen, Index No. L&T 42494/79, Civ Ct, New York County, May 4, 1979, Cohen, J.)
Petitioner landlord seeks to read section 5 of the ETPA above with the literal, illogical and unreasonable interpretation that since class B multiple dwellings were once, before June 30, 1971, "subject to” rent control, although now allegedly exempt by vacancy decontrol, and since not specifically exempted from ETPA and specifically exempted from RSL, such is not subject to any legislative rent regulation. These verbal and logic gymnastics were specifically rejected by a unanimous New York Court of Appeals in Zeitlin as making a nullity of large parts of section 3 of the ETPA and such interpretation must be similarly rejected by this court, in the absence of some other ETPA exclusion, not shown by petitioner landlord herein.
E. CONCLUSION
Accordingly, the motion to dismiss is granted and the petition herein is dismissed in accordance with the foregoing.