OPINION OF THE COURT
Herbert Kramer, J.
The motions at bar are part of a summary proceeding for nonpayment of rent instituted in September, 1980. The tenants occupying 17 apartments, approximately one half of the building, are currently engaged in a rent strike. Rental payments deposited with the court and the tenants association total some $30,000 to date. The decision in this matter will inevitably affect the potential of this apartment building for long-term viability within New York City’s ever shrinking rental housing market.
Petitioner’s motion to strike the jury demand and four counterclaims are based on waiver clauses in the tenants’ leases.
Respondent argued that the clauses waiving the right to jury trial and the right to assert counterclaims are *252 invalid and unenforceable in that they do not comply with the type size requirements of CPLR 4544. Upon hearing this issue, the court found that tenants failed to meet their burden of proving inadequate type size. In this case tenants claimed a 7.9 size based on fairly imprecise, uncalir brated gauges.
Respondent advances another argument to bar enforcement of the jury waiver clause, i.e., it unilaterally and unconscionably precludes only the tenant, not the landlord, from demanding a jury trial. This argument has consistently been rejected by the appellate courts. (Avenue Assoc. v Buxbaum, 83 Misc 2d 719; Estate of Greenberg v Schefler, 102 Misc 2d 308.) Accordingly, the motion to strike the jury demand and the second and fourth counterclaims is granted.
Respondent’s sixth counterclaim, challenging the court’s jurisdiction over this entire matter, is based on the fact that the landlord is no longer a member in good standing of the Rent Stabilization Association (hereinafter RSA) although his expulsion therefrom has been stayed.
The summary proceeding is a statutory creation; therefore, the failure to allege the requirements of the enabling statute in the petition has traditionally warranted dismissal. (See 14 Carmody-Wait 2d, NY Prac, § 90:8.) In this regard, summary proceedings represent a last vestige of the bygone era of technical pleading requirements wherein defects were deemed jurisdictionally fatal. A few courts now recognize the trend toward greater liberality. (Reich v Cochran, 201 NY 450; Kaplan v Bernstein, 115 Misc 413; 34 & 7 Realopp Corp. v Seafood City, 71 Misc 2d 302; Pecenik v Adam, NYLJ, Feb. 25, 1981, p 16, col 6.)
The enabling statute relevant to this matter, RPAPL 711, and the court rule promulgated thereunder, subdivision (e) of section 2900.21 of the rules of the Civil Court of the City of New York (22 NYCRR 2900.21 [e]), require that the petition allege, among other things, that the premises in question are subject to the Rent Stabilization Law and that petitioner is a member in good standing of the RSA. Petitioner’s failure to be so is the basis of respondent’s sixth counterclaim.
*253 The question, as a practical matter, is whether the statutory requirements can be met, if at all, by amendment, traditionally unavailable to cure a defective petition in a summary proceeding. (353 Realty Corp. v Disla, 81 Misc 2d 68.) Yet the rules of liberalized pleadings as provided in CPLR article 4 abound in other statutory actions, created in derogation of common law. (See Siegel, New York Practice, § 552.)
Why is this case different? “The underlying motivation for authorizing special proceedings — the need for expeditious treatment of certain disputes — has produced a procedure which in some way resembles motion practice and in others that practice normally applied to ordinary actions.” (Weinstein-Korn-Miller, CPLR Manual [1980 rev ed], § 4.03.) When the proceeding was truly summary and swift, the interest of judicial economy was rationally and logically promoted by the dismissal of defective petitions. (Remedco Corp. v Bryn Mawr Hotel Corp., 45 Misc 2d 586.) That rationale is inapplicable to many modern summary proceedings, laden with extensive motion practice, which are more akin to the classic plenary action than the comprehensive framework of the motion for summary judgment. (See Weinstein-Korn-Miller, CPLR Manual [1980 rev ed], § 4.03, subd [e].) Additionally, the statutory warranty of habitability has been engrafted upon the special proceeding. The resolution of issues presented thereby is essentially plenary in nature and not subject to summary disposition. At this stage of this protracted litigation, the right to amend this petition to meet statutory requirements by alleging facts already known to all parties is the least onerous approach. (Matter of Sardino v Finch, 35 AD2d 686.) The fact that the petition is facially insufficient does not divest this court of subject matter jurisdiction. (Gouveia v Kershaw, 85 Misc 2d 344.)
The court therefore holds that where a statutory special proceeding becomes, by virtue of the activity therein, essentially plenary in nature, the pleadings are freely amendable as in other plenary actions. Where parties wish to litigate “technical defects” they must do so in the early stages to prevent needless litigation, in the interest of judicial economy and the rights of all parties. (See Matter of Sardino v Finch, 35 AD2d 686, supra.)
*254 Moreover, the public interest is promoted by preserving the existing housing stock and enforcing housing standards. (CCA, § 110, subd [c].) The ultimate interest of all parties should be to save this building. To deny the landlord, whose expulsion from the RSA has been stayed, access to this court after some six months of nonsummary treatment, where a simple amendment of no prejudicial impact is in order, would defeat the very purpose of the Housing Court.
The public interest demands that amendment be permitted to resolve this situation and get this building back on solid ground.
The motion to strike the sixth counterclaim is granted, conditioned upon an amendment setting forth the correct status in all petitions.