Memorandum: Motion of claimants to amend the remittitur granted. Return of remittitur requested, and, when returned, it will be amended as follows:
*742 Order modified, and, as so modified, affirmed, with costs to the claimants, and the case remitted to Special Term for entry of final judgments for the amounts heretofore awarded for the tangible assets and for further proceedings in accordance with the opinion heretofore rendered,'such proceedings to be severed from all prior proceedings had herein.
By its opinion, this court made it clear that the claimants were entitled to immediate payment of the award made below for the tangible property taken and that there was to be a further hearing with respect to the additional award for “ going concern ” value to which we held the claimants were also entitled. In view of the city’s contention that section B15-21.0 of the Administrative Code prevents the entry of a separate partial decree directing payment of the award already made, we find it necessary to grant the claimants’ motion to amend our remittitur and make even more explicit our meaning.
It. is enough to point out that the Administrative Code provision relied upon by the city has no application to the case before us.
Section B15-21.0 of the Administrative Code does not bar, as the city contends, the entry of a judgment directing payment of the award for the tangible assets. The 1962 amendment to General City Law (art. 2-A, § 20), pursuant to which this transit system was taken, provides that “ Except as herein otherwise prescribed, the procedure for ascertainment of the compensation to be paid to the owners of property aiid franchises, if any, so acquired shall be, so far as practicable, the procedure governing the acquisition by such city of real property located in such city.” (Emphasis added.)
The only section of the Administrative Code which prevents a court from rendering a separate and partial decree is section B15-21.0. But that provision is expressly limited to ‘ ‘ real property” and, in practice, rests upon the entire taking being “subdivided into parcels” (subd. b). Obviously, buses and going concern values which are related to buses, personnel, real estate, franchises, etc., cannot be so “ subdivided.” It is self-evident, therefore, that section B15-21.0 was never designed for and is simply not applicable to the talcing before us.
On the other hand, claimants should not be denied a separate partial judgment in the present proceeding, for to do so would unnecessarily delay payment of an award already held to be due *743 and owing and would thereby impose upon claimants an undue hardship. When the validity of the 1962 amendment was considered in a prior proceeding, the city assured this court that (1) the amendment was constitutional because it provided for ‘ ‘ certain and prompt * * * payment of just compensation ”, and that (2) such constitutional mandate would be complied with. (Fifth Ave. Coach Lines v. City of New York, 11 N Y 2d 342, 343 [1962].) The city’s continued resistance to payment on alleged statutory grounds — four years after the taking — borders on the verge of giving the amendment of 1962 an unconstitutional construction (Rexford v. Knight, 11 N. Y. 308 [1854]; Kahlen v. State of New York, 223 N. Y. 383, 389 [1918]) and it is directly contrary to the representation given to this court that prompt payment would be made.
Accordingly, judgment reflecting the award for the tangible assets should now be entered and payment therefor made, subject, of course, to any lawful claims existing against such award. Only by making adequate provision for prompt payment without unreasonable delay do we ensure that the taking does not contravene or violate the claimants’ right to due process of law guaranteed by our Constitution (N. Y. Const., art. I, §§ 6, 7).