John T. Casey, J.
The defendant requests an order vacating or modifying an order of replevin. The plaintiff obtained the order incident to its action to recover certain chattels from the defendant. The venue of the action was fixed in the Supreme Court of Sullivan[1] County. The order was signed by the County *207 Judge of Sullivan County as an Acting Supreme Court Justice.[2] The replevin order was obtained ex parte, i.e., the defendant was not notified of plaintiff’s application for the order of replevin.
The defendant’s motion to vacate or modify the order was returnable at a Special Term of the Supreme Court in Sullivan County. This court has jurisdiction to entertain the motion (CPLft 2221; cf. Matter of Willmark Serv. System, 21 A D 2d 478).
In connection with his business, which he operated in Sullivan County, the defendant purchased certain machinery, small tools, equipment, parts and other articles from the plaintiff. The consideration for the purchase of the chattels consisted, in part, of two promissory notes executed by the defendant and payable to the plaintiff, which were to be paid off in regular installments. As security for the notes the defendant signed a security agreement where by title to the chattels remained with the plaintiff until the notes had been paid in full; upon default the plaintiff could declare the entire balance due; upon default the plaintiff without notice or demand could, by process of law or otherwise, take possession of all or any part of the chattels.
During the course of their relationship the plaintiff applied for and obtained the replevin order, which is the subject of the present motion. In its application for that order plaintiff presented the County Judge with (1) the summons and complaint in the underlying action; (2) an affidavit of a regional manager; (3) an affidavit of its attorney. The manager affirmed that plaintiff had a security interest in certain chattels in defendant’s possession; that defendant had defaulted; that plaintiff elected to declare the entire balance due; that plaintiff demanded payment and defendant refused; that under security agreement plaintiff was entitled to immediate possession of the chattels. Plaintiff’s attorney stated he had been advised by the regional *208 manager that many of the chattels were small and of considerable value; that if notice of the application for the replevin were given to the defendant, some, if not all, of those chattels could be removed by the defendant; that the larger items were subject to possible damage by the defendant.
Based upon the papers, the replevin order was signed and the Sheriff was directed to seize the chattels and, if necessary, to enter defendant’s premises and buildings. The order also dispensed with giving defendant notice of the application for the replevin order. Subsequently, the Sheriff entered defendant’s premises, seized the chattels and shortly thereafter transferred them to plaintiff.
The defendant has raised, inter alia, two arguments concerning the validity of the replevin order; the sections of the CPLR which authorized the replevin are unconstitutional on their face; the sections were unconstitutionally applied. Significantly, in support of this motion the defendant has submitted affidavits wherein he claims he was not in default. (See Brunswick Corp. v. J. & P., Inc., 424 F. 2d 100; Laprease v. Raymours Furniture Corp., 315 F. Supp. 716.)
Defendant’s first argument concerning the constitutionality of the sections authorized replevin hinges upon whether a debtor has a constitutional right to notice and an opportunity to be heard prior to the issuance of a replevin order. Stated another way, defendant claims ex parte replevin orders are unconstitutional. Several recent cases dealing with prejudgment remedies of a plaintiff must be considered. Two are especially important (Sniadach v. Family Finance Corp., 395 U. S. 337; Laprease v. Raymours Furniture Co., supra).
In Sniadach, the seminal case in the judicial inquiry concerning the constitutionality of provisional remedies, the Supreme Court of the United States held that the prejudgment garnishment of an alleged debtor’s wages without notice and an opportunity for a hearing violated the procedural due process guarantee of the Fourteenth Amendment to the United States Constitution. According to the majority, wages were a specialized type of property presenting distinct problems in our economic system. The prejudgment attachment of wages could as a practical matter drive a wage-earning family to the wall. (Sniadach v. Family Finance Corp., supra at pp. 341-342.) As a result the creditor obtained tremendous leverage and the debtor may have been forced to capitulate and forego his defense in the action. The majority recognized that such a summary-procedure might well meet the due process requirements in extraordinary situations requiring special protection to a State *209 or creditor interest. The wage garnishment statute, however, was not narrowly drawn to meet such situations and, therefore, was unconstitutional.
In Laprease, a three Judge Federal court declared certain former sections of CPLR article 71, which dealt with replevin, unconstitutional on their face. Those sections authorized replevin upon delivering to a Sheriff an affidavit, a requisition and an undertaking. The court held the procedure prescribed by those sections deprived debtor of his constitutional guarantee of freedom from unreasonable searches and seizures contained in the Fourth Amendment to the United States Constitution, and his constitutional guarantee of procedural due process contained in the Fourteenth Amendment to the United States Constitution. Like the majority in Sniadach, the three Judges agreed that replevin without a hearing would be constitutional where there was an overriding governmental or creditor interest. The subject provisions of CPLR article 71 were unconstitutional, however, because they were not narrowly drawn to meet the special situations.
After Laprease the Legislature amended portions of article 71. The Legislature left the determination of whether to afford the debtor notice and an opportunity to be heard prior to issuing a replevin order to the discretion of the Trial Judge to whom the application for the replevin order was made.[3] ****8
Notice and an opportunity to be heard need not be afforded the debtor prior to every replevin order. (E.g., Sniadach v. Family Finance Corp., supra; Laprease v. Raymours Furniture Corp., supra; Wheeler v. Adams Co., 322 F. Supp. 645, 657; but, see, The Supreme Court, 1968 Term, 83 Harv. L. Rev. 60, 117; contra: Note, 35 Albany L. Rev. 370, 378.) The procedures required by due process in replevin situations change in relation to several variables, some of which are the type of property, the character and extent of any creditor or governmental interest, the effect upon the debtor of the deprivation of the use of the property pending the outcome of the lawsuit. Obviously, the Legislature could not outline the due process requirements for each replevin case. Viewed in this light, defendant’s claim *210 that article 71 is unconstitutional on its face is untenable. (Seagram & Sons v. Hostetter, 16 N Y 2d 47.)
A statute or rule may be held constitutionally invalid as applied when it operates to deprive an individual of a protected right although its general validity as a measure enacted in the legitimate exercise of State power is beyond question. (Boddie v. Connecticut, 401 U. S. 371.) In the instant case, the pivotal determination is whether the property seized by the plaintiff was special property within the meaning of Sniadach and Laprease. There is no appreciable difference, if any, among the seizure of the tools and equipment whereby a party earns money, the seizure of wages, or the seizure of household necessities. The deprivation of any tools and equipment tends in obvious ways to limit the party’s ability to earn a living; imposes tremendous hardship on the defendant; and gives the plaintiff unwarranted leverage. The chattels seized by the plaintiff from the defendant herein were special property. (See Blair v. Pitchess, 5 Cal. 3d 258, 279-280.)
Chattels may be seized even though such chattels were special property where there is a countervailing creditor or governmental interest. (Sniadach v. Family Finance Corp., supra, see Laprease v. Raymours Furniture Corp., supra.) A valid security interest constitutes a countervailing creditor interest. (Note 70 Col. L. Rev. 942, 950.) The mere filing of perfunctory allegations by the creditor that the debtor was about to abscond with or fraudulently convey the property and that there was a valid debt are not constitutionally sufficient to justify the temporary deprivation of the use of special property.[4] (Note 70 Col. L. Rev. 942, 950; see Sniadach v. Family Finance Corp., supra; Laprease v. Raymours Furniture Corp., supra; Finkenberg Furniture Corp. v. Vasquez, 67 Misc 2d 154, supra; contra: Brunswick Corp. v. J. & P., Inc., 424 F. 2d 100, supra; Fuentes v. Fair 317 F. Supp. 954.)
In the instant case, the affidavits submitted on behalf of the plaintiff established prima facie, at best, the validity of the debt. Indeed, as to whether the defendant was about to abscond *211 with or fraudulently convey the property, the affidavit based upon information and belief lacked any probative force. (Leonard Hosp. v. Messier, 32 A D 2d 596.) In sum, the papers contained in the application for the order of replevin were an insufficient foundation upon which to base an order authorizing replevin without affording the defendant notice and an opportunity to be heard. (See Finkenberg Furniture Corp. v. Vasquez, supra; see Comment 34 Albany L. Rev. 426, 452; Note 70 Col. L. Rev. 942, 950; contra: Brunswick Corp. v. J. & P. Inc., supra.)
The replevin order is vacated.[5]

. When plaintiff obtained the replevin order it had not commenced the action to recover the chattels; instead, pursuant to CPLR 7102 plaintiff simultaneously served the Sheriff with the summons, complaint and replevin order.

. Defendant argues that the County Judge lacked the authority to sign the order because the underlying action was brought in the Supreme Court. Rule 862.2 of the Rules for Trial and Special Terms of Supreme Court, Third Judicial Department (22 NYCRR 862.2), which was established pursuant to CPLR 2212 permits ex parte motions in an action or proceeding in the Supreme Court to be heard by a term of the County Court or a County Judge in the county in which venue is laid, during periods in which no Supreme Court Trial Term or regularly designated Special Term is in session in the county. The defendant has failed to establish facts which would have precluded the County Judge from signing the ex parte order. Accordingly, the County Judge had the power to issue the ex parte order. As will be seen, however, I feel that in the instant ease more than an ex parte order is required to satisfy the constitutional prerequisites to an order of replevin. Whether the County Judge would have had the authority to conduct those additional proceedings is a question which I need not, and do not, determine.

. CPLR 7102 (suM. [d]) provides: “(d) Order of seizure. 1. Upon presentation of the affidavit and undertaking and upon such terms as may he required to conform to the due process of law requirements of the fourteenth amendment to the constitution of the United States, the court shall grant an order directing the sheriff of any county where the chattel is found to seize the chattel described in the affidavit and including, if the court so directs, a provision that, if the chattel is not delivered to the sheriff, he may break open, enter and search for the chattel in the place where the chattel may be.”

. There is language in the underlying security agreements whereby the defendant, according to the plaintiff, waives, among other things, his constitutional right to procedural due process. The waiver is effective, if at all, upon default by the debtor. Since the default was not sufficiently demonstrated by the plaintiff in its application for the replevin order, I need not determine the efficacy of such a waiver. The underlying security agreements seem to be contracts of adhesion wherein the terms were specified by the plaintiff. Accordingly, it would be difficult to conjure an intentional, intelligent waiver from those documents. (Finkenberg Furniture Corp. v. Vasquez, 67 Misc 2d 154; Blair v. Pitchess, supra. See Boddie v. Connecticut, supra, at pp. 377, 378.)

. In view of the determination herein, I did not reach the question of whether defendant was deprived of any rights guaranteed under the Fourth Amendment of the United States Constitution.