CEDAR RAPIDS ENGINEERING Co., Appellant, *v.* WILLIAM HAENELT, Doing Business as G & H ENGINEERING, Respondent.

Third Department, June 29, 1972.

*Wiess & Costa* (*Lawrence E. Lagarenne* of counsel), for appellant.

*Goldstein & Goldstein* (*Benjamin M. Goldstein* of counsel), for respondent.

*Louis J. Lefkowitz, Attorney-General* (*Ruth Kessler Toch, John Q. Driscoll* and *Jean M. Coon* of counsel), in his statutory capacity under section 71 of the Executive Law.

SWEENEY, J. This is an appeal from an order of the Supreme Court at Special Term, entered December 15, 1971 in Sullivan County, which vacated an order of replevin.

Respondent is in the business of custom engine remanufacturing. In connection with his business he purchased machin-

ery and equipment from appellant costing in excess of $62,000, including interest and financing charges, under two security agreements. Each agreement contained an acceleration clause which permitted the vendor to take possession of the equipment without notice or demand, by process of law or otherwise, upon default in payment of any installment due under the agreement. Title to the chattels was to remain in appellant pending payment of the balance due under each agreement. Thereafter appellant applied to the court pursuant to CPLR article 71 for a replevin order based upon a summons and complaint in the underlying action and an affidavit of its manager alleging respondent's default in payment under the security agreements; an election to declare the entire balance of over $60,000 due and payable; demand and refusal by respondent to pay; and that the actual value of the chattels was $60,000. An affidavit of appellant's attorney was also submitted, affirming that he had been advised by appellant's manager that many of the articles were small, but valuable; that if notice of the application were given to respondent they would be secreted; and that the other articles were subject to possible damage by respondent. An undertaking in the amount of $122,058 was provided and a replevin order granted ex parte. The machinery and equipment were subsequently seized by the Sheriff without prior notice to respondent, or an opportunity to challenge its issuance. An answer to the complaint was served by respondent denying the default and right to repossess and setting forth affirmative defenses and counterclaims. Respondent's motion to vacate the replevin order has been granted by Special Term on the basis that the papers on the application were insufficient to warrant issuance of the order without affording respondent notice and an opportunity to be heard.

The sole question on this appeal is whether under the facts and circumstances of this case the granting of the replevin order resulted in a taking of property without due process required by the Fourteenth Amendment.

The pertinent part of CPLR 7102 (subd. [d], par. 1, as amd. by L. 1971, ch. 1051) provides that "Upon presentation of the affidavit and undertaking and upon such terms as may be required to conform to the due process of law requirements of the fourteenth amendment to the constitution of the United States, the court shall grant an order directing the sheriff of any county where the chattel is found to seize the chattel described in the affidavit". Appellant contends

that the machinery and equipment replevied herein are not property of such a nature as to require a notice and hearing before seizure and that the replevin order was, therefore, properly issued *ex parte* pursuant to article 71. Although we find nothing inherently unconstitutional in this replevin article, the principles enunciated in the recent Supreme Court case of *Fuentes* v. *Shevin* (407 U. S. 67) should be followed here. The *Fuentes* case has clearly eliminated any distinction between the deprivation of replevied goods which are "necessities" and goods in which the possessor has a significant property interest. Both are entitled to the protection of procedural due process, for the "Fourteenth Amendment speaks of 'property' generally". (407 U. S. at p. 90.) The court in *Fuentes* recognized that extraordinary situations might justify postponing notice and an opportunity to be heard in a prejudgment replevin writ. It is our opinion, however, that the facts and circumstances of the instant case do not present such a situation. There was no need to secure an important governmental interest, nor did the papers spell out a special need for very prompt action. As noted by Special Term, "as to whether the defendant was about to abscond with or fraudulently convey the property, the affidavit [of appellant's attorney] based upon information and belief lacked any probative force". (68 Misc 2d 206, 210–211.) Applying the principles established in *Fuentes* to the facts of the present case, we conclude there was a lack of due process afforded. Certainly the deprivation of the tools and equipment whereby a party earns his livelihood is the deprivation of an important property interest entitled to the same due process protection as the "assortment of household goods" in *Fuentes*. CPLR 7102 (subd. [d], par. 1) is drawn to meet the situation herein in that it requires that an order shall be granted upon such terms as may be required to conform to due process. Here this meant notice to the respondent and an opportunity to be heard. In view of the heavy burden against the waiver of constitutional rights which applies even to civil matters, we find that there was no waiver of these procedural due process rights by respondents, as in the case of *Overmyer Co.* v. *Frick Co.* (405 U. S. 174). Special Term properly vacated the order of replevin.

The order should be affirmed, with costs.

HERLIHY, P. J., SIMONS and KANE, JJ., concur; STALEY, JR., J., not voting.

Order affirmed, with costs.