Memorandum. Judgments modified by deleting therefrom the determination that titles Y-51 and YY-51 of the Administrative Code of the City of New York are unconstitutional as administered, and, as so modified, judgments affirmed, without costs (see 83 Misc 2d 977).
Plaintiff commenced this action to enjoin a boiler shut down planned by defendants landlords in protest against the failure of the plaintiff to meet the rising costs of operating housing in the City of New York. After reviewing the pleadings and listening to the argument of counsel, the court granted plaintiff the relief requested and dismissed the various counterclaims. The trial court then ordered a hearing pursuant to subdivision (c) of section 110 of the New York City Civil Court Act to ascertain the steps to be undertaken to achieve compliance with required housing standards. The scope of the hearing ranged beyond the issues presented to the court by the parties, and in effect, was a broad scale inquiry into the administration of the rent control and rent stabilization laws. At the conclusion of the hearing, the court concluded that said laws were unconstitutional as administered. It permitted defendants to amend their pleadings to conform to the proof and thereby raise the constitutional questions it dealt with.
*815 It would appear that the court below transformed the contentions of the defendants so that they were in effect an application for declaratory judgment or article 78 relief. It is the opinion of this court that the Civil Court lacked jurisdiction to grant such relief (cf. Matter of Parkview Holding Corp. v Joy, 87 Misc 2d 570). By the clear terms of the CPLR, jurisdiction to grant either a declaratory judgment or article 78 relief is limited solely to the Supreme Court (CPLR arts 30, 78). We, therefore, conclude that the Civil Court did not have the authority to declare the rent control and rent stabilization laws unconstitutional as administered.
Notwithstanding the finding of no jurisdiction in the Civil Court and the reluctance with which courts of original jurisdiction should treat constitutional issues (Comiskey v Arlen, 55 AD2d 304; Halpern v Gozan, 85 Misc 2d 753), we are of the opinion that based on the evidence submitted, that the findings and conclusions of the court below are persuasive and merit further consideration in an appropriate forum.
Laws constitutional when enacted may become unconstitutional as administered or applied (Boddie v Connecticut, 401 US 371, 381; New Rochelle Water Co. v Public Serv. Comm., 31 NY2d 397, 407; Matter of Fifth Ave. Coach Lines, 18 NY2d 741, 743; Cedar Rapids Eng. Co. v Haenelt, 68 Misc 2d 206, affd 39 AD2d 275, app dsmd 31 NY2d 780). The Court of Appeals has made constant mention of the fact that the administration of rent control is deteriorating and becoming worse and has suggested many times that the Legislature take steps to correct this situation (Matter of Tenants’ Union v Beame, 40 NY2d 133, 137-138; Bedford Bldg. Co. v Beame, 38 NY2d 729, 730-731; Matter of 89 Christopher v Joy, 35 NY2d 213, 220; 210 East 68th St. Corp. v City Rent Agency, 34 NY2d 560, 562).
Evidence was submitted to the court below establishing a total breakdown in the administration of rent control and rent stabilization. Protest and hardship applications are either not processed or are processed after a delay of up to three years. Landlords have had to go to court and force the city to issue MBR orders which the city is required to issue under the applicable laws. To make matters worse, these orders are hopelessly outdated by the time they are issued. Rent control was meant to provide protection for tenants and at the same time was supposed to guarantee a certain return for landlords. When the administration of a statute results in such a great *816 delay, it becomes unconstitutional as administered. In Birkenfeld v City of Berkeley (17 Cal 3d 129) the owners of rent-controlled property sought a declaratory judgment as to its validity. In finding that law unconstitutional, the court held that (p 169): "[T]he Legislature 'fail[ed] to establish an effective mechanism to assure proper implementation of its policy decisions’ * * * When statutes delegate power with inadequate protection against unfairness or favoritism, and when such protection can easily be provided, the reviewing court may well either insist upon such protection or invalidate the legislation.’ * * * For such rent ceilings of indefinite duration an adjustment mechanism is constitutionally necessary to provide for changes in circumstances and also to provide for the previously mentioned situations in which the base rent cannot reasonably be deemed to reflect general market conditions. The mechanism is sufficient for the required purpose only if it is capable of providing adjustments in maximum rents without a substantially greater incidence and degree of delay that is practically necessary”. In sum, the California court found the charter provisions for rent control unconstitutional because they did not provide procedures by which maximum rents could be adjusted without unreasonable delays and instead, required procedures, which made delays inevitable.
It is not the purpose of this court to legislate what the changes in administration should be. It is the responsibility of the courts to inform the proper authorities when a statute is being administered improperly. The time has come for the Legislature to take whatever steps are necessary to remedy the administrative morass that now passes itself off as "rent-control administration.”
Concur: Pino, P. J., Rinaldi and Weinstein, JJ.