■ HOUSING AND DEVELOPMENT ADMINISTRATION OF THE CITY OF NEW YORK, Respondent, v COMMUNITY HOUSING IMPROVEMENT PROGRAM, INC., et al., Appellants.—In an action, *inter alia,* to enjoin the defendants, registered owners of multiple dwellings, and their organization, the Community Housing Improvement Program, Inc., from carrying out a planned boiler shutdown, the defendants appeal (by permission), as limited by their brief, from so much of an order of the Appellate Term of the Supreme Court of the Second and Eleventh Judicial Districts, dated January 26, 1977, as modified two judgments of the Civil Court of the City of New York, Kings County, dated October 14, 1975 and November 19, 1975, respectively, by deleting therefrom the determination that titles Y51 (rent control) and YY51 (rent stabilization) of the Administrative Code of the City of New York are unconstitutional as administered. Order affirmed insofar as appealed from, with costs. We affirm on the opinion rendered by the Appellate Term herein *(Housing & Dev. Admin. of City of N. Y. v Community Housing Improvement Program,* 90 Misc 2d 813, modfg 83 Misc 2d 977), and also note our decision in *Matter of Voccola v Shilling* (57 AD2d 931). Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.

■ EDWARD J. KISS, Appellant, v COUNTY OF PUTNAM et al., Defendants, and WESTCHESTER ROCKLAND NEWSPAPERS, INC., Respondent.—Appeal by plaintiff from an order of the Supreme Court, Westchester County, dated April 15, 1977, and entered in Putnam County, which granted respondent's motion to dismiss the complaint as against it for failure to state a cause of action. Order affirmed, with $50 costs and disbursements. The complaint alleges that the defendants disseminated information concerning certain court proceedings which resulted in the plaintiff being adjudicated a youthful offender and thereby violated plaintiff's right of privacy and his rights under CPL article 720. In New York the right of privacy rests solely in statute; there is no common-law right *(Gautier v Pro-Football, Inc.,* 304 NY 354). As there is no allegation that the articles were published "for advertising purposes or for the purposes of trade without [his] written consent", plaintiff has failed to make out a cause of action for invasion of privacy (see Civil Rights Law, § 51). Furthermore, we note that since plaintiff did not allege that the published material was defamatory, i.e., untrue and harmful, it is not necessary to consider the question of whether the privilege generally accorded to reports of judicial proceedings (Civil Rights Law, § 74) is unavailable to reports of youthful offender proceedings (cf. *Shiles v News Syndicate Co.,* 27 NY2d 9). Shapiro, J. P., Titone, Suozzi and O'Connor, JJ., concur.