■ In the Matter of Ruth E. Buck et al., Respondents, v Civil Court of the City of New York, Respondent and Department of Housing Preservation and Development of the City of New York, Appellant. — In a proceeding pursuant to CPLR article 78, *inter alia,* to enjoin the Department of Housing Preservation and Development of the City of New York from taking certain actions in the Civil Court of the City of New York, Queens County, the department appeals from so much of an order of the Supreme Court, Queens County (Buschmann, J.), dated July 3, 1980, as, upon its motion to dismiss, (1) converted the article 78 proceeding into an action for a declaratory judgment and (2) enjoined, pending the determination of the declaratory judgment action, further proceedings in an action commenced by the department against petitioners in the Civil Court for enforcement of certain housing violations and recovery of civil penalties, provided petitioners file an undertaking in the amount of $5,000. Order reversed, insofar as appealed from, on the law, preliminary injunction vacated, motion to dismiss granted and the petition is dismissed as to the department, without costs or disbursements. Petitioners, if they are so disposed, may amend their answer in the Civil Court action to include as additional defenses the constitutional claims raised in their petition herein. It was error for Special Term to convert the article 78 proceeding into an action for a declaratory judgment and to enjoin, pending determination of the merits of petitioners' various constitutional claims, further proceedings in the Civil Court. Except in one statutorily defined instance not applicable herein (see CCA, § 212-a), the Civil Court of the City of New York lacks jurisdiction to render a declaratory judgment (see CPLR 3001). Contrary to

Special Term's determination, however, an adjudication of the merits of petitioners' various constitutional claims, raised by way of answer in the Civil Court action, does not necessitate the granting of a declaratory judgment. The department's Civil Court action for enforcement of certain housing violations and for civil penalties clearly was within the jurisdiction of the Civil Court (see CCA, § 110). Petitioners' constitutional claims consisted of challenges to the local laws sought to be enforced and were, therefore, properly interposed as defenses in said action and could be considered by the Civil Court (see CCA, § 905). In this regard, the cases of *Housing & Dev. Admin. of City of N.Y. v Community Housing Improvement Program* (83 Misc 2d 977, mod 90 Misc 2d 813, affd 59 AD2d 773) and *Matter of Voccola v Shilling* (88 Misc 2d 103, affd 57 AD2d 931), upon which Special Term relied, are distinguishable. In *Housing & Dev. Admin. of City of N.Y. v Community Housing Improvement Program* (*supra*), the merits of the constitutional claims raised had no effect upon whether the plaintiff was entitled to the requested relief. In fact, such claims did not arise until after the plaintiff had been granted its requested relief, when a constitutional exploration into an entire body of local laws was conducted. In *Matter of Voccola v Shilling* (*supra*), the constitutional claims were raised in conjunction with a motion to vacate a default judgment rendered by the Parking Violations Bureau. Inasmuch as the Civil Court lacked jurisdiction in the first instance to consider such relief, any determination as to the merits of the constitutional claims would have been the equivalent of a declaratory judgment. While the merits of the constitutional claims raised by way of defense in petitioners' answer in the Civil Court action could be properly adjudicated therein, we note that the specific constitutional claims raised by petitioners in the article 78 proceeding were never raised in the Civil Court action. Those claims, however, if raised in the Civil Court action, could be properly adjudicated therein as well, inasmuch as they are also directed at the local laws sought to be enforced. Accordingly, an action for a declaratory judgment does not lie, and petitioners, if they are so disposed, may amend their answer in the Civil Court action to include as additional defenses the constitutional claims raised in their petition. Weinstein, J. P., Thompson, Bracken and Brown, JJ., concur.