OPINION OF THE COURT
Harvey M. Sklaver, J.
In these summary proceedings for nonpayment of rent respondents have moved to dismiss the petitions on the ground that the landlord has been expelled from the Rent Stabilization Association and has not registered the subject apartments with the Department of Rent and Housing Maintenance, such dismissal being required by 22 NYCRR 2900.21. In deciding the motions the court must determine whether, on those facts, the court lacks jurisdiction on the subject matter of the proceedings.
On February 2, 1983, the New York City Conciliation and Appeals Board (C.A.B.) issued an order of expulsion that terminated the landlord’s membership in the Rent Stabilization Association. The proceedings that led to the landlord’s expulsion began on October 15, 1980, when a tenant of the premises filed a complaint of general rent overcharges. The board then requested, pursuant to subdivision A of section 42 of the Code of the Rent Stabilization *983 Association of New York City, Inc., complete copies of all leases for the complainant’s apartment dating back to the stabilization base years. The landlord did not comply with the board’s request because, he claimed, he had recently purchased the building and did not have the requested leases. The board then requested that the landlord supply the entire building’s rent roll so it could establish a new base stabilized rent. The landlord did not comply with this request either and, as a result, the board issued its order of expulsion.
Subsequently, the landlord initiated a CPLR article 78 proceeding in the Supreme Court to challenge the board’s order. The respondents in the current summary proceeding, together with the other tenants of the building, have also initiated an action in the Supreme Court to recover past overcharges and for other legal and equitable relief. Both Supreme Court proceedings are currently pending.
The tenants of the building additionally have alleged that the landlord has breached the warranty of habitability and are, therefore, withholding rent.
Whether petitioner is an unfortunate victim of circumstances or a stubborn landlord who is refusing to comply with the law is not for this court to determine. Summary proceedings are governed entirely by statute and in order for any petitioner to enjoy the benefits of this reasonably quick and efficient procedure he must strictly comply with all statutory requirements. (Goldman Bros. v Forester, 62 Misc 2d 812.) 22 NYCRR 2900.21 requires that in every petition brought to recover possession of property pursuant to RPAPL 711 there must be an allegation, to the extent here relevant, that the owner of the premises is a member in good standing of the Rent Stabilization Association or that the apartment is subject to rent control and the rent charged does not exceed the maximum rent thereunder. Because petitioner is not currently in a position to make such an allegation he should not have initiated a summary proceeding in this court. (Sipko v Ongarito, NYLJ, March 5, 1976, p 9, col 1.) That petitioner makes the necessary allegation which, in fhet, he cannot prove, does not alter the rule (Steinmetz v Lefkowitz, NYLJ, Aug. 31,1976, p 10, col 5 [App Term, 2d Dept]).
*984 While at first blush this rule may appear harsh when applied to petitioner in his current circumstances, there remain other more proper forums in which the landlord may seek redress. He may still bring a common-law action for ejectment or a summary proceeding in the Supreme Court (22 NYCRR 2900.21 being a rule of the Civil Court) or he may interpose a counterclaim against the tenants for back rent and possession in their pending Supreme Court action. Even if the petitions here were not defective by reason of 22 NYCRR 2900.21 this court would be inclined to stay any proceedings pending the determination of questions presented in the pending Supreme Court action and article 78 proceeding. The circumstances of the dispute between the landlord and the tenants are already sufficiently complicated without adding further complexity by splitting that dispute among three Judges and two courts.
The real question on this motion is not whether the motion should be granted but the nature of the relief. The tenants asked, alternatively, that the proceedings be struck from the calendar pending a determination of the article 78 proceeding while the landlord suggested that the proceedings be transferred to the Supreme Court. At first blush such a transfer to the Supreme Court pursuant to article VI (§ 19, subd f) of the New York Constitution (Kaminsky v Connolly, 73 Misc 2d 789; Ruskin & Lippman v Sable, 85 Misc 2d 715) appears desirable so that there might be a joint trial or consolidation with the tenants’ action under CPLR 602. However, that section of the Constitution authorizes a transfer only when this court does not have jurisdiction and, accordingly, this necessitates an inquiry into whether this court lacks jurisdiction over the subject matter of these proceedings. In making that inquiry the court must address the question of jurisdiction in its narrow sense and determine whether it has authority to decide the dispute, as distinguished from deciding that the plaintiff may not prevail because of failure to prove a necessary element of his cause of action. (See the statement of Appellate Term in Jackson v New York City Housing Auth., 88 Misc 2d 121.) In Gouveia v Kershaw (85 Misc 2d 344, 345) a case outside the City of New York, the Appellate Term, Second Department, said: *985 “The petition in this holdover summary proceeding, although not jurisdictionally defective, was insufficient on its face in that it did not contain an allegation as to whether the housing accommodations were subject to regulation pursuant to the Emergency Tenant Protection Act of 1974”. The court perceives of no reason why that rationale should not be applied in a case involving New York City premises and, indeed, the Gouveia case was cited with approval in Monarch Prop. Assoc. v Benjamin (108 Misc 2d 251). Thus, since the landlord’s failure to allege and/or establish compliance, with the city rent laws is not “jurisdictional” the court does have jurisdiction over the proceedings and, accordingly, cannot transfer them to the Supreme Court.
Petitioner has argued that all the actions of the C.A.B. and the tenants violated his right to due process under the Fourteenth Amendment to the United States Constitution. That subject is one of substantive law which the court declines to discuss since it will undoubtedly be raised in the article 78 proceeding and/or the tenants’ action. Indeed, the court’s entertaining of that question may well result in these proceedings being converted into a declaratory judgment action or article 78 proceeding, which this court cannot do (Housing & Dev. Admin. v Community Housing Improvement Program, 90 Misc 2d 813, affd 59 AD2d 773). Buck v Civil Ct. (88 AD2d 597) does not authorize consideration of the constitutional question within the framework of the present proceedings since there is no claim that 22 NYCRR 2900.21 is unconstitutional.
Accordingly, the petitions are dismissed without prejudice to any of the parties. No useful purpose would be served by the court’s retaining jurisdiction and striking the present proceedings from the calendar pending the determination of the article 78 proceeding.