OPINION OF THE COURT
John A. Carroll, J.
This is a summary proceeding to recover real property pursuant to RPAPL 713 (7). Respondent now moves to dismiss the petition on the grounds that it is jurisdictionally defective and/or that a defense precluding the proceeding is founded upon documentary evidence.
RPAPL 713 (7) provides for summary proceedings in certain non-landlord-tenant situations where a 10-day notice to quit has been served in accordance with RPAPL 735. That section provides, inter alia, that service may be made upon a person of suitable age and discretion who either resides or is employed at the premises sought to be recovered. In such case the serving party must also within one day mail the papers to the respondent, both by regular and certified mail, at the property sought to be recovered and, if such property is not the residence of such person and the serving party has knowledge of the residence address of the respondent, then to that address also.
In this case the 10-day notice to quit was served upon respondent Cooley by serving Mrs. Cooley at 319 Lincoln Ave., Sayville, and by mailing to that same address. In the court’s *845 opinion this service was defective in several respects. First, Mrs. Cooley apparently does not reside and is not employed at the subject premises. Standing alone, this defect would not defeat the service since a copy of the notice was also served upon Mr. Flanagan, who is employed at the premises. However, the court also notes that the notice to quit was served only by regular mail, not the certified mail required by statute. Finally, the notice was mailed to an address which was not the actual residence of Mr. Cooley. In an affidavit in a prior motion the petitioners were informed of Mr. Cooley’s correct address.
Given the fact that a summary proceeding is a creature of statute, there must be strict adherence to statutory requirements (cf. Melevoi v Yang, 120 Misc 2d 982). Since service of the notice to quit was not in accordance with statute, and such notice is a prerequisite for this proceeding, the court concludes that the petition must be dismissed.
The motion to dismiss is granted.