■ MILTON C. GREEN et al., Appellants-Respondents, v GLENBRIAR Co., Respondent-Appellant.—Order, Supreme Court, Bronx County (Irwin M. Silbowitz, J.), entered November 19, 1986, which, *inter alia,* denied plaintiffs' motion for a stay of a Civil Court proceeding between the parties pending a determination of plaintiffs' Supreme Court declaratory judgment action, unanimously modified, on the law and the facts and in the exercise of discretion, to grant the said motion for a stay and, except as thus modified, affirmed, without costs or disbursements.

Plaintiffs, a husband and wife in their 80's, have lived for over 30 years as rent-regulated tenants in a building converted to cooperative ownership in 1982 pursuant to an eviction plan. The husband has suffered from Alzheimer's disease for the past five years. In 1985, in the closing months of their lease, they learned, allegedly for the first time and with the

help of their family, of the eviction plan conversion. Apparently, an agreement was then reached between their counsel and defendant's selling agent that they would not be evicted at the end of their lease and, also, would be permitted to purchase the shares allocated to their apartment at the $68,112 insider's price. The selling agent forwarded a replacement subscription agreement to plaintiffs' counsel with a request that plaintiffs sign the same and return it with a check in the sum of $6,811.20 as a down payment. This was done. The selling agent, however, returned the agreement and check, advising plaintiffs that all offers were subject to the approval of the sponsor, who was unwilling to sell the shares at the insider price. At the expiration of plaintiffs' lease defendant commenced a holdover proceeding in the Civil Court, where plaintiffs asserted two claims as both an affirmative defense and counterclaim. They argued that they are exempt from purchase as "eligible senior citizens" as defined in General Business Law § 352-eeee because they had not received any notice of the conversion, and requested a declaration to that effect, as well as a declaration that they are entitled to specific performance of the agreement to purchase, which they had signed and returned. Eventually, the Civil Court dismissed the affirmative defenses and counterclaims on the ground that it lacked jurisdiction to grant equitable relief. Plaintiffs thereafter commenced this action seeking declaratory and injunctive relief on the same claims they had previously asserted as affirmative defenses and counterclaims in the holdover proceeding. They simultaneously sought to stay the Civil Court proceeding pending Supreme Court resolution of their equitable claims. Defendant cross-moved, *inter alia,* for summary judgment declaring in its favor. The motion court denied both motions, finding, with respect to plaintiffs' application, the Civil Court to be the appropriate forum for the resolution of their affirmative claims. This was error since the Civil Court had already correctly decided that it lacked jurisdiction to hear these claims. The Civil Court cannot grant declaratory relief. *(Housing & Dev. Admin. v Community Hous. Improvement Program,* 90 Misc 2d 813, *affd* 59 AD2d 773; *see,* CPLR 3001.) While the granting of such relief is always discretionary, the remedy would be available where it will serve to quiet or stabilize a disputed jural relationship. *(James v Alderton Dock Yards,* 256 NY 298, *rearg denied* 256 NY 681.) This is such a case. We modify accordingly to stay the Civil Court proceeding pending a determination of this action.

We have examined the issues raised on the cross appeal and

find that they are without merit. Concur—Sullivan, J. P., Carro, Kassal, Rosenberger and Wallach, JJ.