■ THEODORE DONALDSON et al., Petitioners, v STATE OF NEW YORK et al., Respondents.—Action for declaratory judgment initiated in this court in the first instance, seeking a declaration of a right to assigned counsel for indigent defendants facing summary eviction proceedings in Housing Court, is transferred to the Supreme Court, Bronx and New York Counties, for determination of whether declaratory relief should lie, on the ground that this court lacks jurisdiction to grant relief. The CPLR article 78 application seeking relief in the nature of a writ of mandamus and further seeking an order compelling the respondents to implement a program sought with respect to the purported declaratory judgment is denied and dismissed, without prejudice to renewal upon determination of said declaratory judgment action in the proper forum, without costs.

The individual named plaintiffs-petitioners, Theodore and Emily Donaldson and Charles Coull, are individuals who are respondents in summary proceedings for their eviction. Both the Donaldsons and Mr. Coull, who have demonstrated in bold relief their indigency, have moved, pursuant to CPLR article 11, for permission to proceed as poor persons and for the assignment of counsel in their eviction proceedings because they believe they cannot adequately represent themselves. Their motions, brought in Bronx and New York Counties, respectively, established, in addition to indigence, inability to obtain, despite several attempts, free counsel and meritorious defenses to the eviction proceedings. Both further noted that there may be additional defenses and counterclaim to the proceedings of which they are unaware, as they are unfamil-

iar with New York City housing laws and certain Federal laws and regulations involved.

Theodore Donaldson's motion was orally and summarily denied by the Housing Court Judge who heard his application. Mr. Coull's motion to proceed as a poor person and for assignment of counsel was granted; however, the Housing Court Judge did not appoint an attorney on that or any other occasion.

The Donaldsons, Coull and the organizational plaintiffs subsequently commenced the instant proceeding, seeking, *inter alia,* a declaration of a right to counsel for indigent tenants in Housing Court and a writ of mandamus to compel the implementation of an assigned counsel program. Petitioners brought all of their causes of actions in this court, alleging that the Appellate Division is properly the court of original jurisdiction over the entire matter because in one of the causes of action, petitioners seek a writ of mandamus against, among others, Justices of the Supreme Court, including the Chief Administrative Judge of the Courts of New York State, the Deputy Chief Administrative Judge for New York City Courts and the Administrative Judge for the Civil Court of the City of New York.[1] The individual petitioners contend that should they be evicted, they will have no place to live and will be unable to find affordable housing. They fear, not unjustifiably, that they will either be forced to seek temporary shelter from the Department of Social Services or become homeless street people. The Donaldsons have expressed the additional fear that their family unit, which includes three children, will be split apart.

Defendants city and State have filed papers cross-moving for dismissal of the matter herein on the grounds of nonjusticiability. The city specifically contends that "any remedy sought in this case which involves compensating counsel at public expense makes this proceeding non-justiciable", because there are involved questions of judgment, discretion, and allocation of resources and priorities which are within the province of the executive and legislative branches of government. Respondent Housing Court Judges have elected, pursuant to CPLR 7804 (i), not to appear in the article 78 portion of the proceedings herein. The landlords of the named petitioners have filed no papers in the instant action.

---

1. The current Administrative Judge of the Civil Court is, in fact, a Judge elected to the Civil Court, appointed as an acting Supreme Court Justice; her predecessor was, however a Supreme Court Justice.

This court is obliged to transfer the cause of action seeking a declaratory judgment to Supreme Court because we do not have subject matter jurisdiction to entertain actions for declaratory relief if they are brought in the first instance in this court. Under CPLR 3001, "[t]he *supreme court* may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed." (Emphasis added; *see, James v Alderton Dock Yards,* 256 NY 298, *rearg denied* 256 NY 681.) Just as a declaratory action cannot be brought in the Civil Court *(Green v Glenbriar Co.,* 131 AD2d 363, 364; *Housing & Dev. Admin. v Community Hous. Improvement Program,* 90 Misc 2d 813, 815, *affd* 59 AD2d 773; *Town of Babylon v Conte,* 61 Misc 2d 626, 628), it is similarly improper to initiate a declaratory judgment action in this court and thereby ask for the exercise of a power not possessed by us. *(See, Matter of Nolan v Lungen,* 61 NY2d 788, 790 [stating that "(t)he question whether a proceeding must be commenced in Supreme Court or the Appellate Division * * * clearly concerns subject matter jurisdiction"].)

Therefore, while we believe that the dispute herein is justiciable inasmuch as there appears to be a genuine controversy which is neither academic nor moot, the substantive issues raised by the parties must be transferred to and addressed in the proper forum, i.e., the Supreme Court.[2]

Turning to the cause of action seeking a writ of mandamus to compel, pursuant to article 78, the implementation of an assigned counsel program, we first note that where, as here, the actions of the entity being challenged are essentially executive and legislative in nature, the appropriate method for review is by action for a declaratory judgment rather than article 78 petition. *(See, Board of Educ. v Gootnick,* 49 NY2d 683, 688-689; *Matter of Amerada Hess Corp. v Lefkowitz,* 82

---

2. Irrespective of the fact that this question regarding subject matter jurisdiction was not raised either in the pleadings and brief, nor was it addressed during the extensive oral argument, it is dispositive. While venue issues are waivable if no objections are raised, jurisdictional limitations may not be waived and bind the arms of the court in any forum other than that which properly should decide a matter. *(See, Matter of Nolan v Lungen,* 61 NY2d 788, 790; *cf., Matter of Morgenthau v Erlbaum,* 59 NY2d 143, 148-149, 152 [where declaratory action sought against Criminal Court Judge, action properly brought in Supreme Court and subject to subsequent review by Appellant Division and Court of Appeals]; *Matter of Morgenthau v Roberts,* 65 NY2d 749, 751 [following CPLR article 78 proceeding against Supreme Court Justice, action converted, upon further appellate review, to an action for declaratory judgment].)

AD2d 882, 883; *see generally,* Byer, Civil Motions § 547.) How-
ever, in any event, mandamus traditionally " 'lies to compel
the performance of a purely ministerial act where there is a
clear legal right to the relief sought' ". *(Klostermann v
Cuomo,* 61 NY2d 525, 539, quoting *Matter of Legal Aid Socy. v
Scheinman,* 53 NY2d 12, 16.)

In the absence of a declaration by Supreme Court of a right
to assigned counsel for indigent tenants in Housing Court,
whether derived from the Federal or State Constitution, the
controlling legal authority remains CPLR 1102 (a), which
addresses the assignment of counsel as part of the granting of
poor person relief. CPLR 1102 (a) provides that "[t]he court in
its order permitting a person to proceed as a poor person *may*
assign an attorney" (emphasis added). The statute, is phrased
in "unambiguous" language, with "words plain and clear",
such that the only possible construction of the statute as it
currently reads is that CPLR 1102 (a) is discretionary and not,
as petitioners would argue, mandatory. (McKinney's Cons
Laws of NY, Book 1, Statutes § 92 [b].) It is well established
that although the extraordinary remedy of mandamus is
appropriate to enforce the performance of a ministerial duty,
it cannot be used to compel an act or acts, such as those
requested, in respect to which an officer may exercise judg-
ment or discretion. *(Klostermann v Cuomo,* 61 NY2d, *supra,* at
539; *Matter of Grisi v Shainswit,* 119 AD2d 418, 420.) Thus,
mandamus is unavailable as a remedy because petitioners
seek a court order compelling the various organizational
defendants and officers to perform a duty which is, at this
time, statutory and discretionary in nature. *(Matter of Crain
Communications v Hughes,* 74 NY2d 626, 628.)

Accordingly, we deny and dismiss the cause of action
brought pursuant to article 78, without prejudice to renew
upon determination, in the proper forum, of the declaratory
judgment cause of action, should the result be a declaration of
a right to assigned counsel.[3] Concur—Kupferman, J. P., Carro,
Asch, Wallach and Smith, JJ.

---

**3.** The cause of action seeking article 78 relief in the nature of manda-
mus was, in the theoretical sense, properly initiated in this court insofar as
the respondents included Administrative Judges, who are Supreme Court
Justices. While, as noted by Professor Siegel, such a cause of action involv-
ing a Supreme Court Justice "would be incongrous in any court below the
appellate division" (Siegel, NY Prac § 11), we are unconvinced that the
Judges would be proper parties under these circumstances, and would frown
upon petitioners naming a Supreme Court Justice in an article 78 proceed-
ing for the purpose of circumventing the appropriate procedures.