OPINION OF THE COURT
Norman C. Ryp, J.
a. ISSUE
Whether an improperly served notice of termination is validated by a subsequent properly served but inconsistent notice to cure of a commercial entertainment /performance license. A "Manhattan” "Interiors” issue of first impression!
B. PROCEDURAL HISTORY & FACTS
Plaintiff’s CPLR article 63 application for a preliminary injunction is granted only to the extent of declaring the notice *185 of termination, dated May 28, 1996, and the notice to cure, dated June 21, 1996, null and void.
On April 19, 1996, P.M. Associates, defendant, entered into a five-year license agreement with Gil Wiest to provide musical entertainment to defendant’s patrons in the bar in defendant’s hotel lobby Monday through Saturday between the hours of 9:00 p.m. and 1:00 a.m., which has featured movie director Woody Allen as a clarinetist. On April 30, 1996, Gil Wiest assigned his interest in the license agreement to plaintiff, Michael’s Pub Productions Ltd. Notice of this assignment, along with a request to waive the 30-day notice provision, was sent to defendant on May 1, 1996. On May 7, 1996, defendant’s in-house counsel notified plaintiff’s attorney that defendant agreed to waive the notice provision. Therefore, the assignment became effective upon notice to defendant on May 1, 1996.
On May 28, 1996, defendant served a notice of termination upon Gil Wiest, individually, not Michael’s Pub Productions Ltd., based upon paragraph 7 (b) of the subject original license agreement which allows termination by either party on 120 days’ notice, as well as free assignability to a corporation wherein Mr. Wiest was the principal shareholder.
On June 21, 1996, defendant served a notice to cure upon plaintiff stating plaintiff could avoid termination upon curing an alleged default in providing insurance coverage.
On September 4, 1996, plaintiff obtained an order to show cause staying, defendant from commencing any action or proceeding to evict plaintiff based upon the above notice of termination, dated May 28, 1996.
On September 6, 1996, plaintiff obtained a supplemental order to show cause staying defendant from commencing any action or proceeding to evict plaintiff from the "office” space adjoining Michael’s Pub.
C. ANALYSIS & FINDINGS
While defendant is correct, landlord/tenant law does not control in a license action, it may be used as a guideline. In this action defendant served a notice of termination and a notice to cure. The first notice was served upon Gil Wiest after his interest in the license agreement had been assigned to plaintiff. Defendant had actual knowledge of the assignment because defendant approved the assignment. Therefore, service upon the original licensee, Gil Wiest, was ineffective in obtain *186 ing jurisdiction over plaintiff or informing plaintiff of the termination of the license agreement.
The notice to cure, though properly served upon plaintiff, did not negate or validate the service of the first notice of termination. In fact, the second notice was ambiguous in that it allowed plaintiff to cure the default (i.e., insurance coverage) to avoid termination.
In landlord/tenant law a tenant is entitled to an unambiguous notice of the landlord’s intent. (Park Summit Realty Corp. v Frank, 107 Misc 2d 318 [App Term, 1st Dept 1980], affd 84 AD2d 700 [1st Dept 1981], affd 56 NY2d 1025, 1026 [1982].) The notice, while not a pleading, is a predicate to the eventual holdover summary proceeding. (RPAPL 713 [7]; Chinatown Apts. v Chu Cho Lam, 51 NY2d 786 [1980].) The same principle holds true for a licensee. (See, Morillo v City of New York, 178 AD2d 7 [1st Dept 1992].) Since a failure to serve the requisite notice (10-day notice to quit) in accordance with the statute (RPAPL 713 [7]; 735) is a jurisdictional defect requiring dismissal of the proceedings (see, Community Health Plan v Cooley, 129 Misc. 2d 844 [Suffolk Dist Ct 1985]; see also, 89 NY Jur 2d, Real Property — Possessory and Related Actions, § 82), the same principle applies to subject notices under the parties’ license agreement. Accordingly, because of the ambiguity as to defendant’s intent to terminate the license agreement by first serving a notice of termination and later a notice to cure, the notice of termination and notice to cure are vacated and declared null and void.
D. CONCLUSION
In conclusion, plaintiff’s CPLR article 63 application for a preliminary injunction is granted to the extent of declaring the notice of termination, dated May 28, 1996, and the notice to cure, dated June 21, 1996, null and void and therefore vacated. Defendant retains the right to terminate the subject license agreement upon proper notice and service thereunder.