■ In the Matter of DONNELL JEFFERSON, Petitioner, v NOR-MAN I. SIEGEL, as Acting Justice of the Supreme Court, Oneida County, Respondent. [813 NYS2d 318]—

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) seeking, inter alia, judgment compelling respondent to settle the record on appeal in another proceeding.

It is hereby ordered that the petition be and the same hereby is unanimously dismissed without costs.

Memorandum: Petitioner commenced this original CPLR article 78 proceeding seeking, inter alia, judgment compelling respondent to settle the record on appeal in another proceeding. Petitioner concedes, however, that respondent subsequently is-

sued an order settling the record on appeal, and thus petitioner is no longer aggrieved with respect to that part of his petition (*see Matter of Herouard v Schramm*, 294 AD2d 688, 689 [2002]; *Matter of Dones v Scully*, 144 AD2d 781 [1988]; *see generally Matter of Clean Stores v Pryor, McClendon, Counts & Co.*, 297 AD2d 673, 674 [2002]). We therefore dismiss that part of the petition as moot.

The remainder of the petition seeks a declaration that respondent violated petitioner's due process rights by refusing to settle the record on appeal. We conclude, however, that petitioner may not seek declaratory relief in this original proceeding pursuant to CPLR article 78. Indeed, this Court "lacks jurisdiction to consider a declaratory judgment action in the absence of a proper appeal from a court order or judgment" (*Matter of Cram v Town of Geneva*, 182 AD2d 1102, 1102-1103 [1992]; *cf. Matter of Sacco v Maruca*, 175 AD2d 578 [1991], *lv denied* 78 NY2d 862 [1991]; *see generally Matter of Morgenthau v Roberts*, 65 NY2d 749, 751 [1985]). We thus dismiss the remainder of the petition as well. Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Smith and Pine, JJ.