In the Matter of FLORINE NELSON et al., Petitioners/Plaintiffs, v THOMAS A. STANDER, in His Official Capacity as Justice of Supreme Court, Monroe County, et al., Respondents/Defendants. [913 NYS2d 849]—

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) seeking, inter alia, to vacate certain warrants of inspection.

It is hereby ordered that said petition is unanimously dismissed without costs, and the declaratory judgment action is transferred to Supreme Court for further proceedings.

Memorandum: Petitioners/plaintiffs (petitioners) commenced this original hybrid CPLR article 78 proceeding and declaratory judgment action seeking a writ of prohibition and challenging, inter alia, the jurisdiction and authority of respondent Honorable Thomas A. Stander to issue judicial warrants of inspection (inspection warrants) pursuant to Local Law No. 3 (2009) of the City of Rochester (hereafter, Local Law No. 3), enacted by respondent City of Rochester (City) (*see* CPLR 506 [b] [1]; 7804 [b]). We conclude that the proceeding and action are not

properly before us, and we therefore dismiss the petition and transfer the declaratory judgment action to Supreme Court for further proceedings (*see Donaldson v State of New York*, 156 AD2d 290, 292 [1989], *lv dismissed in part and denied in part* 75 NY2d 1003 [1990]).

The City requires rental properties to have valid certificates of occupancy (Certificates) that must be renewed within a certain time period (*see generally* City of Rochester Code § 90-16). For many years, the City attempted to inspect the properties owned by or rented to petitioners in order to issue or to renew the properties' Certificates, but petitioners refused access to City inspectors. Local Law No. 3 added article I, part B to the Charter of the City of Rochester (City Charter) to provide a means for City inspectors to obtain inspection warrants permitting them access to properties where the owners or tenants refuse to consent to the inspection (*see* City Charter § 1-9).

After Local Law No. 3 was enacted, the City unsuccessfully attempted to obtain consent to inspect the properties at issue. The City then notified petitioners of its intent to seek inspection warrants for the properties. It is undisputed that "all involved in [the] inspection warrant application[s], the premise occupants . . . [,] owner[s] and the attorney[s], [had] notice of the application[s] to [Supreme] Court [and that] the [c]ourt [had] accepted opposition papers and oral argument on behalf of the occupants and owner of the premises."

By two separate orders issued in February 2010 (hereafter, February 2010 orders), Justice Stander denied petitioners' challenges to Local Law No. 3 that were "ripe for determination" and ordered hearings to determine whether there was probable cause to issue the inspection warrants. Following those hearings, Justice Stander issued inspection warrants with respect to the properties at issue.

Even assuming, arguendo, that the proceeding is not moot, we conclude that the petition must be dismissed "because other proceedings in law or equity could correct the alleged error" (*Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358, 362 [2008]; *see Matter of Echevarria v Marks*, 57 AD3d 1479 [2008], *affd* 14 NY3d 198 [2010], *cert denied sub nom. New York v Williams*, 562 US —, 131 S Ct 125 [2010]; *Matter of Rush v Mordue*, 68 NY2d 348, 352-353 [1986]). "Use of the writ [of prohibition] is, and must be, restricted so as to prevent incessant interruption of pending judicial proceedings by those seeking collateral review of adverse determinations made during the course of those proceedings. Permitting liberal use of [that] extraordinary remedy so as to achieve, in effect,

premature appellate review of issues properly reviewable in the regular appellate process would serve only to frustrate the speedy resolution of disputes and to undermine the statutory and constitutional schemes of ordinary appellate review" (*Rush*, 68 NY2d at 353). We conclude that the February 2010 orders were not ex parte orders (*see generally Kuriansky v Bed-Stuy Health Care Corp.*, 135 AD2d 160, 170 [1988], *affd* 73 NY2d 875 [1988]; *Paris v Waterman S.S. Corp.*, 218 AD2d 561, 563 [1995], *lv dismissed* 96 NY2d 937 [2001]), and they could have been reviewed through the regular appellate process.

With respect to petitioners' challenge to the constitutionality or legality of Local Law No. 3, we note that "[a] declaratory judgment action is the proper vehicle for [such a] challeng[e]" (*Matter of Velez v DiBella*, 77 AD3d 670, 671 [2010]; *see New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 203-204 [1994], *rearg denied* 84 NY2d 865 [1994]; *Matter of Overhill Bldg. Co. v Delany*, 28 NY2d 449, 457-458 [1971]). Petitioners, however, "may not seek declaratory relief in this original proceeding pursuant to CPLR article 78 . . . [because] this Court 'lacks jurisdiction to consider a declaratory judgment action in the absence of a proper appeal from a court order or judgment'" (*Matter of Jefferson v Siegel*, 28 AD3d 1153, 1154 [2006]; *see Matter of Levenson v Lippman*, 290 AD2d 211 [2002], *appeal dismissed* 98 NY2d 635 [2002]; *Donaldson*, 156 AD2d at 292). Present—Centra, J.P., Carni, Sconiers and Pine, JJ.