Matter of Husejnovic v DeProspo (2024 NY Slip Op 01177)

Matter of Husejnovic v DeProspo

2024 NY Slip Op 01177

Decided on March 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2023-02771

[*1]In the Matter of Selma Husejnovic, petitioner/plaintiff,
v
William DeProspo, etc., et al., respondents/defendants.

The Bellantoni Law Firm, PLLC, Scarsdale, NY (Amy L. Bellantoni of counsel), for petitioner/plaintiff.
Letitia James, Attorney General, New York, NY (Joya C. Sonnenfeldt of counsel), for respondents/defendants.

DECISION & JUDGMENT
Hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent William DeProspo, a former Judge of the County Court, Orange County, dated November 18, 2022, which denied the application of the petitioner/plaintiff for a pistol license, and action for declaratory relief.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding/action is dismissed on the merits, with costs.
The petitioner/plaintiff (hereinafter the petitioner) commenced this hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, inter alia, to challenge a determination denying her application for a pistol license.
The petitioner's cause of action for a declaratory judgment is not properly before this Court in this original proceeding (see Matter of Sibley v Watches, 194 AD3d 1385, 1388; Matter of Nelson v Stander, 79 AD3d 1645).
The petitioner's contention that certain aspects of the licensing eligibility requirements of Penal Law § 400.00 unconstitutionally infringe upon her right to bear arms under the Second Amendment of the United States Constitution is not properly before this Court in an original proceeding pursuant to CPLR article 78, as a declaratory judgment action, commenced in the Supreme Court, is the proper vehicle for challenging the constitutionality of a statute (see Matter of Robbins v Warhit, 198 AD3d 790, 791; Matter of Jackson v Anderson, 149 AD3d 933, 934).
Contrary to the petitioner's contention, the determination to deny her pistol license application was rationally based, and neither arbitrary nor capricious. "A pistol licensing officer has broad discretion in ruling on permit applications and may deny an application for any good cause" (Matter of Orgel v DiFiore, 303 AD2d 758, 758; see Penal Law § 400.00[1]; Matter of Nelson v County of Suffolk, 171 AD3d 756, 756-757). "Where an applicant challenges a determination that either revokes a firearm license or denies an application for a firearm license, the court can only review 'whether a rational basis exists for the licensing authority's determination, or whether the determination is arbitrary or capricious'" (Matter of Nelson v County of Suffolk, 171 AD3d at 757, quoting Matter of Karagolian v Walsh, 107 AD3d 715, 716 [internal quotation marks omitted]).
Here, the record shows that in her application, the petitioner failed to disclose two prior arrests, despite the instructions directing the applicant to disclose even "sealed" arrests. The petitioner's failure to disclose these prior arrests, along with the underlying circumstances of the arrests, were sufficient to support the determination to deny the application (see Matter of Robbins v Warhit, 198 AD3d at 791; Matter of Tuttle v Cacace, 164 AD3d 678; Matter of Kelly v Klein, 96 AD3d 846, 847; see also Matter of Nelson v County of Suffolk, 171 AD3d at 757).
"'The extraordinary remedy of mandamus is available in limited circumstances only to compel the performance of a purely ministerial act which does not involve the exercise of official discretion or judgment, and only when a clear legal right to the relief has been demonstrated'" (Matter of Gonzalez v Village of Port Chester, 109 AD3d 614, 615, quoting Matter of Rose Woods, LLC v Weisman, 85 AD3d 801, 802; see CPLR 7803[1]).
Contrary to the respondents' contention, they are proper respondents here (see generally Penal Law § 400.00[1]). However, the petitioner is not entitled to mandamus relief. Penal Law § 400.00 does not establish a clear legal right to a pistol license, nor does the statute require the licensing officer to perform any ministerial act. Rather, the statute empowers the licensing officer to exercise discretion to determine, inter alia, whether the applicant is of "good moral character" and to review the results of a background investigation (id. § 400.00[1]; see § 400.00[4]). Consequently, the petitioner is not entitled to mandamus relief pursuant to CPLR 7803(1) (see Matter of Mari v DeProspo, 175 AD3d 596; see also Matter of Brooke v Russo, 189 AD3d 1032).
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court